HAMMOND LIVERMORE AND OTHERS *v.* TOWN OF JAMAICA.

*Certiorari.   Right to equivalent in money for land taken for highway.   Validity of statute in respect to such damages.*

The taking of land for a public highway is not such an appropriation of the property to the public use, within the meaning of the constitution of this state, Part I. art. 2, as necessarily requires compensation in money to be made therefor. To bring a case within that provision of the constitution, there should be such a taking of the property, as divests the owner of all title to or control over the property taken and amounts to an unqualified appropriation of it to the public.

The statute,—[Rev. St. c. 20. § 53; Comp. St. c. 22, § 67,] which provides, that, in estimating the damages, which may be sustained by any person, own-

ing or interested in lands, by reason of laying out or altering any highway, the benefit which such person may receive thereby shall be taken into consideration, is not repugnant to that article of the constitution of this state, [Const., Part I. art. 2,] which provides, that, whenever any person's property is taken for the use of the public, the owner ought to receive an equivalent in money.

Petition for a writ of *certiorari* to the county court, to bring up the record of their proceedings upon a petition for the appointment of commissioners to assess damages occasioned to the petitioners by reason of the laying of a highway. It appeared, that commissioners were appointed by the county court, in pursuance of the prayer of the original petition, and the commissioners reported, that they disallowed the claim of the petitioners for damages, for the reason, that the benefits, resulting to the petitioners respectively by reason of the laying of the highway, would be of a value equivalent to any damages occasioned thereby to their respective lands and the expense of fencing the same. But the commissioners ascertained and reported the value of the land of the petitioners, respectively, taken for the highway, and the expense of fencing occasioned by the highway, and referred to the court the question of law arising upon their report. The county court, September Term, 1850,—Kellogg, J., presiding,—accepted the report, and rendered judgment thereon, that the defendants recover their costs.

*O. L. Shafter* for petitioners.

Upon the report of the commissioners the petitioners were entitled to judgment for the value of their lands respectively. The constitution, Part I. art. 2, requires, that " whenever private property is taken for public use, the owner ought to receive an equivalent in money." The intent of this provision is not, that the proprietor shall have a cash equivalent for the damage, which he, on the whole, may have sustained by reason of the taking, but an equivalent in money for the property, *eo nomine.* Sec. 53 of chap. 20 of the Revised Statutes* may be construed, so as to harmonize with the constitution ;

---

* By which it is enacted, that, " In estimating the damages, which may be sustained by any person owning or interested in lands, by reason of laying out or altering any highway, the benefits which such person may receive thereby shall be taken into consideration."

Livermore et al. *v.* Jamaica.

for "damages" in that section may mean consequential injuries merely. The true rendering of the last clause of that section is, that the benefits received by the land owner should be considered, *so far only* as they may be, consistently with the rules of law. *Fox* v. *Hatch,* 14 Vt. 340. *Hunt* v. *Lee et al.,* 10 Vt. 297. *Henry* v. *Tilson,* 17 Vt. 479. But if the statute sustains the judgment, then the statute is unconstitutional and void.

*J. E. Butler* for defendants.

1. The motion for a writ of *certiorari* is addressed to the discretion of the court, and is not matter of right; *Royalton* v. *Fox,* 5 Vt. 458; 17 Mass. 352; 8 Greenl. 293; *West River Bridge Co.* v. *Dix,* 16 Vt. 446; and if the duty to be performed have been substantially done, the court will never grant the writ, for the purpose of driving to a more formal or literal performance. *Ex parte Weston,* 11 Mass. 417. 4 Pick. 25. 9 Ib. 46. 11 Ib. 322. 5 Vt. 458.

2. The second section in the declaration of rights, in the constitution, which is relied upon, is explained by the ninth section; and both together read,—"Whenever any person's property is taken for the use of the public, the owner ought to receive an equivalent in money," * * * "but no person's property can be justly taken from him and applied to public uses, without his own consent, or that of the representative body of the freemen." The inference follows, that if the representative body of the freemen consent, the property may be taken. That body have consented by the statute in question.

3. If, however, we are confined to the letter of the constitution, the statute is constitutional. The clause in the constitution, relied upon, has no relation to highways, and is intented to embrace that kind of taking, where the property is absolutely divested from the owner and vested in the public. For in the case of highways the public do not take the property from the owners; they only effect an easement through it, to be used in common with the owners; for all other purposes the owner still holds the fee, possession and control, as before. The easement may be a damage to him; and if so, he is entitled to such pay, as the statute has provided, but can make no claim under the constitution.

The opinion of the court was delivered by

KELLOGG, J. This was an application for a writ of *certiorari*, to bring before this court the record of certain proceedings of the county court, alleging error therein and praying for relief. The alleged error consists in the acceptance of the report of commissioners appointed to re-appraise damages sustained by the petitioners upon the laying of a highway through their respective lands, the commissioners having disallowed their claim for damages upon the ground that the benefits the petitioners would receive from the road, would be quite equal to any damage they would sustain by reason of their lands being taken for the road.

It is urged, that the commissioners erred in taking into consideration the benefits, that would result to the petitioners from the establishment of the highway, in estimating their damages. In other words, it is insisted, that, upon the laying of the highway, the petitioners are entitled to the value of the land covered by the survey, independent of any advantages they may receive from the road.

That the statute authorizes the commissioners to consider the benefits resulting to the land owners from the establishment of the road, in making their estimate of the damages, is very clear. It so provides in terms. But it is said, that the damages referred to in the statute are those consequential damages, which follow the establishment of the road, such as fencing against the highway, and that they cannot be extended to the land taken for the road, without violating that clause of the constitution, which provides, that, when private property is taken for public use, the owner shall receive an equivalent in money.

The constitution is the paramount law of the land; and every statute, which is in contravention of the constitution, must be held inoperative and void. Whether the statute, or that section of it by which the commissioners were governed in making their appraisal, is repugnant to the constitution must, we think, depend upon whether the taking of land for a highway is such an appropriation of the property to public use, as is contemplated by the constitution. The taking of land for a highway does not divest the owner of his title in fee. The public only acquire an easement; and the right of the owner to use, occupy and control the land in any manner, which is

not inconsistent with the public enjoyment of the easement, still remains. Upon a discontinuance of the highway the possession of the land reverts to the owner in as full and ample manner as he originally held it. In the opinion of the court, this is not such a taking of property for public use, in the sense of the constitution, as necessarily requires compensation for the same to be made in money. But to bring a case within this provision of the constitution, it should be such a taking, as divests the owner of all title to or control over the property taken, and is an unqualified appropriation of it to the public. If we are right in our construction of this provision of the constitution, it follows, that the section of the statute in question is not repugnant to it. Statutes containing similar provisions are believed to have been in force in this state ever since the adoption of the constitution, and we are not aware that their validity has ever been questioned.

Nor does this provision of the statute work any injustice to the owner, whose land is taken for highways, inasmuch as it provides a compensation commensurate with the injury he sustains. If the use of the land by the public as a highway be beneficial to the owner, it would seem but reasonable, that such benefit should be taken into consideration in estimating his damages.

We discover no error in the proceedings of the court below, and consequently the writ of *certiorari* is denied.