## COMMISSIONERS OF ASHEVILLE *v.* WM. JOHNSTON.

In a proceeding by the Commissioners of a town to condemn the land of one of its citizens for the purpose of running a street through the same, the jury, in assessing damages, cannot consider any advantage accruing to the owner of the property, in common with the public; on the contrary, it is their duty to consider in such assessment, any *special benefit* to the property arising from the opening of such street.

This was a PROCEEDING to condemn certain land of the defendant for the purpose of opening a street in the town of Asheville, commenced in the Mayor's Court, and carried by appeal to the Superior Court of BUNCOMBE, where it was tried before his Honor, *Henry, J.*, at Spring Term, 1874.

The injunction obtained by the defendant in this case was disposed of at the last term of this Court. See 70 N. C. Rep. 550, in which, and in the opinion then delivered by Justice RODMAN, the facts are fully stated.

On the trial below of this branch of the case, the defendant asked of his Honor certain instructions in regard to the proper measure of damages, which instructions his Honor declined to give, and which are fully stated in the opinion of Justice READE. The jury returned a verdict, to the effect that the defendant had not been endamaged by the proceedings to open the street, whereupon his Honor gave judgment against him for the costs.

Motion for a new trial made and overruled. Judgment and appeal.

*McCorkle & Bailey,* for appellant.
*Fuller & Ashe,* contra.

READE, J. The substantial rights of the parties in regard to the subject matter of this suit were declared at the last term of this Court, in a suit between the same parties reversed. 71 N. C. Rep. 350. In view of that, the points upon which this case is brought up, would seem to be frivolous and vexatious.

1. The defendant asked his Honor to instruct the jury, "that the damage sustained by defendant is not to be reduced or set off by any alleged benefit to his property."

His Honor instructed the jury that any advantage to the defendant in common with the public was not to be considered, but that any *special benefit* to the defendant's property was to be considered. This was in exact accordance with former decisions of this Court, especially *Freedle* v. *N. C. Railroad Co.,* 4 Jones' Rep. 93. And see Cooly Con. Lim., p. 566.

2. Defendant asked his Honor to charge that there was no evidence of any special benefit, &c.

His Honor could not have so charged, because the case states that "there was much evidence on both sides, the plaintiff

showing the benefits to be derived by the erection of a new crossing into the defendant's lots, and other items, all of which testimony was admitted."

3. "Defendant moved in arrest of judgment on account of irregularities and vagaries in the proceedings."

This is so irregular and vagarious that we do not consider it.

There is no error. Judgment affirmed. Judgment here for plaintiff for costs.

PER CURIAM.                              Judgment affirmed.