## C. F. PUTNAM, APPELLANT, *v.* DOUGLAS COUNTY, RESPONDENT.

MEASURE OF DAMAGES—ESTABLISHING ROAD.—The measure of damages for land taken for public use in opening a public highway through such land, is the loss in value which the land will sustain by the opening of the proposed road.

IDEM—MANNER OF ESTIMATING LOSS IN VALUE.—In determining this question, the jury should estimate the value of the land occupied by the road, the necessary expense of building extra fences, and the inconvenience it may be to the remainder of the premises, and all special advantages the opening of the road will confer upon the premises.

IDEM.—The advantages which the proposed road will confer on the premises of the claimant may be considered, not only as a compensation for the increased fencing and injury to the remainder of the land not occupied by the road, but as a compensation of all damages caused by the opening of the road, and, if they equal or exceed such damages, the jury should find against the claimant.

CONSTITUTIONALITY OF STATUTE AFFIRMED.—Section 7, page 723, Miscellaneous Laws, as to the measure of damages for private property taken for a public highway, is not unconstitutional. *(Per Shattuck, J., dissenting.)*

JUST COMPENSATION DOES NOT CONSIST OF ESTIMATED BENEFITS.—"Just Compensation," in the meaning of the constitution is the actual value in money of the property taken, without any deduction for estimated benefits or advantages accruing to the owner from the public use of his property. A part of the diminution in value of the premises is the cash value of the portion taken, and that should be made good to the owner in cash.

APPEAL from Douglas County.

The facts are stated in the opinion of the court.

*W. R. Willis,* for appellant.

*S. H. Hazard, Prosecuting Attorney,* for respondent.

By the Court, PRIM, C. J.:

The appellant claimed three thousand dollars as damages for the opening of a county road through his premises.

The viewers appointed by the county court to assess the damages claimed by appellant reported that in their judgment the premises were of no less value with the road laid out through them than they were without it; and hence that appellant was not entitled to any damage.

Whereupon the county court, having adopted the report of the viewers, ordered the road to be opened. From this order the appellant appealed to the circuit court, where the issue, as to how much less valuable the premises of appellant would be rendered by the opening of said road, was tried by a jury, and a verdict rendered in favor of the respondent. Whereupon appellant took his appeal to this court. The error complained of. by appellant is that the court erred in refusing certain instructions, asked by appellant, and in giving certain other instructions excepted to by him.

Appellant asked the court to instruct the jury that " the measure of damages in this case is the value of the land taken, together with the necessary expenses of building fences, and the inconvenience it may be to the remainder of the premises." The court instead gave the following instruction, to which appellant excepted. The question to be found by the jury is, how much less valuable the premises of appellant will be rendered by the opening of the proposed road. In determining this question, the jury will estimate " the value of the land occupied by the road, the necessary expense of building fences, and the inconvenience it may be to the remainder of the premises."

Appellant asked the court to instruct the jury that " the benefits to the land resulting from the location of the road, may be an offset against any consequential damages to the premises, but not against the value of the land." This instruction the court refused, but gave, instead, the following: "The jury will also take into consideration all special advantages the opening of the road will give to the premises of appellant, which appear, if any; as, for instance, the giving of an outlet to market to said premises, and the enhancement in value of the land taken." Upon the consideration of all the evidence, if you find that the premises of appellant will be rendered less valuable by the opening of the road in dispute, you will find how much less valuable they will be rendered thereby, and find a verdict in his favor for that amount. If, however, upon the consideration of all the evidence, you find that the premises of appellant will

not be rendered less valuable by the opening of the road in question, you will give a verdict in favor of respondent.'

The court further instructed as follows: "The advantages which the proposed road will confer on the premises of the appellant may be considered by you, not only as a compensation for the increased fencing and injury to the remainder of the land not occupied by the road, but as a compensation of all damages caused by the opening of said road; and if they exceed or equal such damages, you will find for the respondent." The question presented upon this appeal by these exceptions is, What shall be the measure of damages or rule of compensation for land taken for public use in opening a public highway through the land of a private individual?

The legislature of this state has not only provided how land may be taken for such purposes, but what shall be the rule of compensation when so taken. And there is no complaint in this case that the statutory mode has not been pursued. The legislature has provided that if any person through whose lands a county road may be laid out shall feel that he or she would be injured by the opening of the same, and shall make complaint thereof in writing to the county court, three disinterested householders shall be appointed "to assess and determine how much less valuable such premises of the complainant would be rendered by the opening of said road." (Miss. Laws, sec. 7, p. 723.) Hence it will be seen that the rule of compensation adopted by the court in the instructions complained of, is in accordance with the rule contained in this legislative provision.

But it is claimed by appellant that this provision of the statute is in violation of that provision of our constitution which provides that "private property shall not be taken for public use without just compensation." It is claimed by appellant that under this provision the owner of land taken for public use is entitled to have actual value thereof in money without deduction for estimated profits or advantages accruing to the owner from the public use of his property. There are quite a number of decisions to that effect, but we think it will be found generally that they were

made under constitutional provisions and statutes differing in some respects from ours.

The measure of damages which appears to be established by most of the cases, for building a road through a man's land, is the difference between the value of the land before the road was built, and its value after the road is finished. And this is the rule adopted by our statute. This rule appears to have been sanctioned by the judicial decisions of Indiana, Pennsylvania, New York and Massachusetts. (*McJustin* v. *The State*, 5 Blatchf. 383; *Hornstein* v. *A. & G. W. R. R. Co.*, 51 Penn. 87.)

The provisions contained in our constitution and statute in relation to the taking of private property for public use appear to have been taken from the Indiana constitution and statute; and, having adopted them after they had been judicially construed by the courts of that state, it must be presumed that we adopted along with them the construction of those courts. (Sedg. Con. sec. 497; Smith's Con., sec. 634.) The ordinance of congress for the government of the territory of the United States north-west of the river Ohio, passed in 1787, contains a clause requiring "compensations" for private property taken for public use. Upon the division of the territory, the legislature thereof enacted that the persons chosen to assess damages for land taken for a public highway "should take into consideration how much less valuable such land would be rendered" by reason of the opening of the contemplated road.

This same provision existed when the constitution of Indiana was adopted, and was incorporated into their statute after its adoption. In *McGuthrie* v. *The State*, 5 Blatchf. 383, McGuthrie claimed damages against the state for land and materials taken from him for the purpose of constructing a railroad under the internal improvement act, passed in 1836, which provides that in the assessment of damages the benefits resulting to the complainant from the construction of the public work causing the injury complained of shall be taken into consideration. That act was attacked on the ground that it was unconstitutional, but was upheld by the court in that case. The court reviewed very thoroughly the

constitutional provision and all the statutes enacted upon that subject up to the time when the decision was made. The court, in commenting upon the meaning of "just compensation," said: The "meaning is, not that property thus taken shall be valued and its price paid in money, but that the individual who claims to be a sufferer in consequence of the exercise of the right of eminent domain over his property, shall be recompensed for the actual injury which he may have sustained, all circumstances considered, by the measure of which he complains.

In ascertaining the extent of the injury, undoubtedly an estimation of the value of the property taken at the time of taking is a necessary step, but if the benefits really and substantially resulting to the complainant are equal in pecuniary value to the value of that of which the public has deprived him, we conceive they constitute a just and constitutional compensation for the deprivations to which he has been subjected, and such, in our opinion, is the nature of the benefits contemplated by the statute in question—the enhancement of the property by the construction of a public improvement. This doctrine is fully sustained by a series of decisions in the state of Pennsylvania, as will be seen by examination of the case of *Hornstein* v. *A. & G. W. R. R. Co.*, 51 Penn. 87. (Angel on High., sec. 116; 2 Mass. 492; 4 Com. 419.) This statutory provision of ours establishing the measure of damages for private property taken for public use was in full force at and long prior to the adoption of our constitution. And having thus been acted upon and upheld for a long series of years, we are of the opinion the courts should be slow to decide it unconstitutional under such circumstances.

It follows from the views herein expressed that the judgment of the court below should be affirmed.

Judgment affirmed.

Mr. Justice SHATTUCK, dissenting:

I am unable to concur in the foregoing opinion. I think that the terms just compensation employed by our state constitution means the actual value in money of the prop-

erty taken without any deduction for estimated benefits or advantages accruing to the owner from the public use of his property. (Sedg. on Meas. of Dam. 602.) I am unable to allow that supposed benefits—benefits estimated before-hand, perhaps only guessed at—always uncertain in value, and frequently at last found to be merely imaginary, can be a just compensation for tangible acres which have a known market value, and oftentimes are yielding to the owner at the time of appropriation ,by the public a large and certain annual income.

I do not think it necessary to declare the statute in question unconstitutional, in order to hold that the owner may have pay in money for his land which he is forced to surrender to the public use. The statute, if allowed to have the construction for which I contend, simply carries into effect the constitutional provision according to its spirit. The constitution declares that just compensation shall be awarded for property taken for the public use, but it has nowhere defined what shall be deemed just compensation, nor has it prescribed any mode of ascertaining it.

This was left for the statute. And the statute has provided that the viewers or the jury shall assess and determine "how much less valuable the premises of the complainant would be rendered by the opening of the road," etc. Now, I am unable to see why it must be held that in ascertaining "how much less valuable" the premises would be, the portion actually taken away from the owner by the public can be paid for in estimated benefits alone.

On the contrary, it seems to me to be a fair construction of the provision to hold that in all cases a part of the diminution of value in the premises shall be the cash value of the portion taken, and that this must be made good to the owner in cash. For the taking of a parcel of land and perpetually excluding the owner from the use of it, is a clear damage to the extent of the value of it. Its loss to the owner is tangible, and can be valued to a certainty. The compensation for this should also be tangible—should be some equivalent value, in fact, not something resting in speculation and uncertainty. I think that a money com-

pensation—a certain thing for a certain thing—money for land alone can satisfy the requirement of the constitution.

But when the results of the appropriation of the private property to the public use are considered in determining the diminution of value of the premises, another feature is presented; the matter is then within the sphere of speculation alone, and the estimated or speculative disadvantages may be met and offset by speculative or estimated benefits; and if the estimated disadvantages exceed the estimated benefits, this excess is to be added to the value of the land taken, and that sum, so made up, is to determine "how much less valuable the premises are" made by the opening of the road.

I am, therefore, of the opinion that the instructions asked by appellant ought to have been given, and that those given contained error, and that the judgment of the court below ought to be reversed.