# Commissioners Court of Colbert County v. Street.

### Proceedings to establish a Public Road.

1. *Eminent domain; establishment of public road; constitutionality of statute.*—Section 1391 of the Code of 1886 (Code of 1896, § 2447), in requiring that in a proceeding to establish a public road the viewers appointed by the commissioners court should "assess the value of the land of each land owner that will be taken," &c., is not unconstitutional and void, in that it fixes the amount to be paid to the owners at a sum less than "just compensation," as required by the Constitution, upon the exercise of the right of eminent domain (Const., Art. I, § 24; Art. XIV, § 7); since "the value of the land," as used in said section, when construed in connection with the other sections of the Code relating to the same subject matter, is equivalent to "damages sustained" or "just compensation for the lands taken."

2. *Same; same; measure of damages.*—In a proceeding to establish a public road, under the provisions of sections 1390 and 1391 of the Code of 1886 (Code of 1896, §§ 2446, 2447), the proper compensation to be awarded to the owner of the land across which the road is established is, the difference between the value of the tract before and after the establishment of the road, including the value of the land used for the road; and the cost of building and maintaining fences which might be necessitated by the establishment of such a road, is not a proper measure of compensation.

3. *Same; same; same; evidence as to cost of constructing a fence admissible.*—In a proceeding to establish a new road, under sections 1390 and 1391 of the Code of 1886 (Code of 1896, §§ 2446, 2447), evidence that the establishment of the proposed road would necessitate the construction of fences along the side of said road for the protection of the crop of the owner of the land, is admissible, as is also evidence of the cost of erecting such fences; such evidence being competent to be considered by the jury in arriving at and assessing just compensation to the owner of the land.

4. *Same; same; judgment.*—In a proceeding to establish a public road, in assessing the compensation to be paid to the owner of the land across which the road is to be established, the judgment should only declare the amount of compensation assessed by the jury; and a judgment in favor of the owner against the commissioner's court, for the amount assessed, is erroneous.

[Commissioners Court of Colbert County v. Street.]

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. THOMAS R. ROULHAC.

The appeal in this case is from the rulings, proceedings and judgment in the circuit court of Colbert county on an appeal to said court from the action of the Commissioners court of Colbert county in proceedings to open a public road.

Upon a petition filed for the purpose of opening a public road along a certain designated section of the county, and after required notice, the court of county commissioners appointed viewers to mark out the road and to assess the value of the lands of each land owner that were to be taken in the road so opened over the route marked out. The viewers made their report, which indicated the route of the road they marked out over the land of one Christ Street, the appellee, and assessed the value of the lands which were to be taken from said Street at five dollars an acre. This report of the viewers was received and confirmed, and notice given to the land owners, the appellee being included among them, as to the time when the Commissioners court would hear objections as to the amount of the land taken, and the amount of the compensation allowed by the viewers. In response to this notice, Christ Street filed the following paper, signed by him, addressed to the Commissioners Court of Colbert county: "The undersigned Christ Street hereby agrees to the report of the jury of viewers to view and mark out a public road from near Thomas Letsinger's east on section line to Foster's Mill Road, and claims no damages for road running through his land, but asks your honorable court to allow him $240 for fencing the right of way of said road." This demand for the payment for fencing the right of way of said road was denied; but it was ordered by the court that Christ Street be paid twice the amount per acre which was assessed by the viewers. From this judgment refusing to allow him for the cost of fencing the right of way of the road, Street appealed to the circuit court, and upon bond being given the transcript of the record of the proceedings in the Commissioners Court of Colbert county was sent to the circuit court. In the circuit court the defendant, the Commissioners Court, moved the court to dismiss the appeal upon the following grounds: 1. Because the tran-

script shows that the appellant appeared in the commissioners' court in this cause, and agreed to the report of viewers as made in said commissioners' court, and further stated that he claimed no damages for the land taken by the said road established, but asked to be allowed a certain sum of money by that court to fence in the land on each side of the road. 2. Because there is no authority in law for an appeal from an order of the commissioners' court refusing to allow plaintiff money to fence in land condemned for the purpose of a road through which said road runs; the transcript in this case showing that the plaintiff consented to the amount that was assessed for the value of the land taken, but asked the court to allow him a certain sum of money for fencing in the road, a thing unauthorized by law. This motion was overruled, and to this ruling the defendant duly excepted.

On the trial of the cause, as is shown by the bill of exceptions, the plaintiff offered evidence tending to show the cost of constructing a fence along the road where it ran through his property. The defendant objected to each of the questions eliciting this testimony, and moved to exclude each of the answers thereto upon the grounds: 1st, that the commissioners court was not required to build said fence along said land; and 2d, because the testimony elicited and given was not material to the issue to be tried in the cause, and constituted no element of damage in the case. Each of these several objections and motions were overruled, and to each of said rulings the defendant separately excepted. There was other testimony tending to show that in the section of the county where the plaintiff's land was situated, there was much of the land uninclosed by fences, but many of the roads had gates along them.

Upon the introduction of all the evidence, the court instructed the jury, among other things, as follows: "That if the opening of the road through Street's land imposed upon him the burden of building additional fences in order to obtain for his farm the same protection from cattle and stock, as that which he now has for his land, such burden of fencing would be an incidental injury to his property, would be an element of damage in this case, and he would be entitled to compensation therefor." To the giving of this portion of the court's

[Commissioners Court of Colbert County v. Street.]

general charge the defendant separately excepted, and also excepted to the court's giving at the request of the plaintiff the following written charge: "Gentlemen of the jury, you must consider all the evidence in this case, and render a verdict assessing such compensation, if any, to which you may believe from the evidence Mr. Street is entitled under the law as given in charge by the court."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence that most of the public roads in the section of the county in which the road in this case is proposed to be located are not fenced, but are opened through gates, and that would be a proper road in this case, then they will allow the plaintiff no damages for a fence." (2.) "Gentlemen of the jury, I charge you that under the evidence in this case you can allow the plaintiff no damages." (3.) "I charge you, gentlemen of the jury, that the defendant is entitled to no damages for any fence he will have to build along the proposed road." (4.) "Gentlemen of the jury, you can allow the plaintiff no damages for the land used in this case by the proposed road." (5.) "Gentlemen of the jury, the plaintiff has waived any claim to damages for the value of the land taken." (8.) "Gentlemen of the jury, in estimating the plaintiff's damages in this case you will be limited to what the proof shows you is a just and reasonable value for the land taken up by the proposed road."

There were verdict and judgment for the plaintiff. The judgment entry, after reciting the rulings of the court upon the motion made by the defendant to dismiss the appeal and the verdict of the jury, then continued as follows: "It is, therefore, ordered and adjudged by the court, that the plaintiff have and recover of the defendant the sum of one hundred and sixty-two and 50-100 dollars, besides the cost in this behalf expended." The defendant appeals, and assigns as error the rulings of the court upon the motion of the defendant to dismiss the appeal, and upon the evidence, and the charges given and refused, and the judgment rendered.

W. P. & W. L. CHITWOOD, for appellants.—The statutes under which the proceedings in this case were had

were not unconstitutional. They are plain and unambiguous, and can have but one meaning, and that is that the land-owner is entitled to the value of the land which will be taken for the road if opened. This is the measure of the damages prescribed by the statute, and the jury of viewers would do violence to the oath that they take if they were to give any other amount, and the commissioners court can increase such compensation to such amount as they deem just; and they increased it in this case to double the amount assessed by the jury of viewers. The court will recognize the rule for the construction of statutes that when a statute is plain and unambiguous that there is no room for construction, and that the court must give effect to its language.—Code of 1886, §§ 1390, 1391; Code of 1896, §§ 2446, 2447; 3 Brick. Dig. 750, § 42; *Reese v. State*, 73 Ala. 18; *Carlisle v. Godwin*, 68 Ala. 137.

The statutes are plain and unambiguous and there is no room for construction, and they afford the only means for the land-owner to receive compensation for the value of his land which will be taken, if the road is opened.—*Dyer v. Tuscaloosa Bridge Co.*, 2 Port. 296; *Com. Court of Lowndes Co. v. Bowie*, 34 Ala. 461.

WILLIAM H. SAWTELLE, *contra.*

COLEMAN, J.—Upon petition filed and after due and legal notice, and the return of viewers duly appointed, the commissioners' court of Colbert county established a public road over and across certain lands of Christ Street. The owner of the land appealed to the circuit court. The present appeal is prosecuted from the rulings of the circuit court and the judgment therein rendered.

It is contended that section 1391 of the Code of 1886 (Code of 1896, § 2447) is unconstitutional, and the errors assigned require a consideration of that section, and a determination of that question. Sections 1391 and 1392 of the Code of 1886 (Code of 1896, §§ 2447, 2448) read as follows:

"1391. *Viewers appointed to mark out road and assess damages.*—When a new road is to be established, or an old road changed, the court must issue an order to seven disinterested householders of the county, to view and mark out the best route for such proposed road, and to

[Commissioners Court of Colbert County v. Street.]

assess the value of the land of each land-owner that will be taken, if the road is opened over the route marked out.''

"1392. *Viewers' oath, return, etc.*—The viewers, before acting, must take an oath to view and mark out the road described in the order, to the greatest advantage to the public, and with as little prejudice to individuals as possible, and without partiality or favor; and to justly assess the value of the land of each land-owner, which will be taken for said road; and must, after viewing and marking out the route and making the assessment of compensation that each land-owner will be justly entitled to, if his lands are taken for said road, return the same to the court; whereupon the court must cause a notice to be served on the owner or owners of each tract or parcel of land, over which the road has been marked out, showing the route marked out, the quantity of land that will be taken from said owner, if the road is opened, and the amount of compensation that the viewers report should be paid to said owner; and appointing a day on which the court will hear any objections to said report, or to any valuation therein shown.''

Section 24 of Art. I of the constitution reads as follows: "That the exercise of the right of eminent domain shall never be abridged, nor so construed as to prevent the General Assembly from taking the property and franchises of incorporated companies and subjecting them to public use the same as individuals. But private property shall not be taken or applied for public use, unless just compensation be first made therefor; nor shall private property be taken for private use, or for the use of corporations, other than municipal, without the consent of the owner; *Provided*, however, that the General Assembly may, by law, secure to persons or corporations the right of way over the lands of other persons or corporations, and by general laws provide for and regulate the exercise by persons and corporations of the right herein reserved; but just compensation shall, in all cases, be first made to the owner; *And provided*, that the right of eminent domain shall not be so construed as to allow taxation or forced subscriptions for the benefit of railroads or any other kind of corporations other than municipal, or for the benefit of any individual or association.''

3

Section 7 of Art. XIV of the constitution reads as follows : ''Municipal and other corporations and individuals, invested with the privilege of taking private property, for public use, shall make just compensation for the property taken, injured or destroyed by the construction or enlargement of its works, highways, or improvements, which compensation shall be paid before such taking, injury or destruction. The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers, or otherwise ; and the amount of such damages in all cases of appeal shall, on the demand of either party, be determined by a jury according to law.''

The question is, whether the foregoing provision of section 1391 does not fix and limit the amount to be paid to the owner to less than ''just compensation,'' as provided in the constitution. In the case of *Hooper v. Savannah & Memphis R. R. Co.*, 69 Ala. 529, it was said : ''Just compensation included not only the value of the parts· of the lots actually taken and appropriated to the use of the company, but the injury to the remaining lots or parts of lots, and if the ways of ingress to and egress from the lots were obstructed or interrupted, such obstruction or interruption formed a part of the injury, for which compensation should have been made.'' In *Jones v. N. O. & S. R. R. Co.*, 70 Ala. 227, which was a proceeding to ascertain the value of the compensation to be paid to the owner of lands, which had been taken and appropriated by the railroad corporation, it was said (p. 232) : ''In this proceeding it is only 'just compensation' which may be awarded to the owner of the lands. This includes not only the value of the land which may be taken, but the injury resulting to the remaining lands of the proprietor.'' In 6 Am. & Eng. Encyc. of Law, p. 571, it is said : ''Where part of a tract is taken the owner is entitled to recover not simply the market value of what is taken, but the difference between the market value of the entire tract and the market value of what is left.'' It will be seen from the foregoing references that ''damages'' and ''just compensation'' include more than the mere value of what is taken, and if we were confined to sections 1391 and 1392 in determining the question, there

would be great force in the argument of counsel for appellant; but when construed in connection with other sections of the Code, bearing upon the same question, we feel justified in coming to a different conclusion. Section 1393 of Code of 1886 (Code of 1896, § 2449) is as follows: "On the day appointed (that is, to hear objections to the report of the viewers) the court must hear any objections made to the route marked out, or the amount of compensation which the viewers have reported should be paid any land-owner for the land which will be taken up by said road," etc. This section indicates that the land-owner is to receive "compensation for the land taken." So in section 1394 of the Code of 1886 (Code of 1896, § 2450) it is provided that "the owner of the lands, if dissatisfied with the assessment of damages made by the jury, is entitled, as of right, to an appeal therefrom to the circuit court," etc. This section indicates that the owner is to be paid "damages" for taking the land. Section 1436 of the Code of 1886 (Code of 1896, § 2492) provides for the establishment of other public roads than those provided for under section 1391 *supra*. Section 1437 of the Code of 1886 (Code of 1896, § 2493) then reads as follows: "The person applying for the establishment of a road under the preceding section shall, when the damages are assessed to the owner of the lands over which it is to pass, in the manner provided by law," etc. Here the word "damages" is used to indicate the compensation to be paid to the owner, and the manner provided by law is provided in sections 1391 and 1392. Other sections might be mentioned, in which the compensation to the owner is designated by the use of the word "damages." In construing the word "damages" as here used, this court has held, it was the equivalent of "just compensation."—*Commissioners' Court v. Bowie*, 34 Ala. 461; *Jones' Case*, 70 Ala. 227, *supra*. When considered in connection with the other statutes, relating to the same subject, we are of opinion the phrase "the value of the land that will be taken" as used in sections 1391 and 1392 was used in the sense of "damages sustained" or "just compensation for the lands taken." The phrase will admit of this interpretation, and seems to have been that intended by the legislature. When an enactment will fairly admit of two constructions, one of which is in harmony with the constitution,

[Commissioners Court of Colbert County v. Street.]

and the other obnoxious to it, courts always favor that which will sustain the constitutionality of the statute.

On the trial the plaintiff, against objection, introduced evidence tending to show that the establishing of the proposed new road over his premises would necessitate the construction of fences alongside the road for the protection of his crop from stock, and also offered evidence of the cost of erecting a fence. Evidence of this character was competent to be considered by the jury in arriving at and assessing the "damages" or "just compensation;" but the cost of building and maintaining fences would not be the proper measure of compensation in this proceeding. We do not understand that the road in question falls within sections 1436 and 1437 of the Code, which provides for the payment of erecting and maintaining fences, but under sections 1390 and 1391. The proper compensation is the difference between the value of the tract, as compared with its value after the establishment of the road. If the owner was not damaged, if his premises were in every respect as valuable after the establishment of the public road, as before, then the owner would not have sustained any damage. We are of opinion, however, that under the facts and return of the jury he was entitled to the value of the lands appropriated to public use in any event. The first charge given for the plaintiff was not in accordance with these principles and should not have been given.

We are of opinion the judgment rendered can not be sustained. By the judgment, the plaintiff recovered of the commissioners court the sum of one hundred and sixty-two and 50-100 dollars. We know of no principle or statute which subjected the court as such to a judgment. The judgment should have only declared the amount of compensation assessed by the jury. It may be that the court will never establish the road. After the compensation due the land-owner has been legally assessed and declared, the court would have no authority to open the road, until the same has been paid, but the ascertainment of the damages imposes no obligation upon the court to pay them, or to establish the road.

Reversed and remanded.