(125 So. 670)
### RUDDER v. LIMESTONE COUNTY.
#### (8 Div. 122.)

Supreme Court of Alabama. Dec. 5, 1929.

Rehearing Denied Jan. 25, 1930.

J. G. Rankin, of Athens, and E. W. Godbey, of Decatur, for appellant.

486

R. B. Patton, of Athens, and S. A. Lynne, of Decatur, for appellee.

THOMAS, J. This was a proceeding brought by a county to condemn a right of way through certain lands of appellant for a public highway. Commissioners were appointed and made the assessment of damages; the probate court confirmed the return of the commissioners and ordered the lands condemned. An appeal was taken to the circuit court and the cause there tried de novo; the issue of, such trial being the amount of damages to be awarded the landowner.

On the trial in the circuit court, over objection of appellant, witnesses for the petitioner appellee were allowed to testify to the value of appellant's farm or tract of land be-

fore the taking and appropriation, and to its value after the road was constructed, and to testify that the fact that a wider and better highway as that to be constructed through the property increased the value of all of appellant's land in said tract. Appellant showed by several witnesses the value of his land actually taken, and introduced evidence tending to show that his remaining contiguous lands of the tract were decreased in value by reason of the use and construction of the. road along the lands actually taken.

The court gave written instructions to the jury that, in fixing the amount of compensation to be awarded to the owner for his lands actually taken, the jury could take into consideration the value of the enhancement, if any, to the remaining lands of appellant that such road or highway may have caused, and refused written instructions requested by appellant, that as to the damages for lands actually taken they could not consider special benefits to the remaining lands of said tract and of appellant by reason of the improvement.

Appellant's counsel states in his brief that the principal errors assigned and argued raise the question of whether or not the act of the Legislature approved August 30, 1927, amending section 7489 of the Code of 1923 (Acts 1927, pp. 492, 493), is in contravention of sections 23 or 235 of the Constitution of Alabama of 1901, and submits in support of this insistence of unconstitutionality, the following decisions: Ala. & Fla. R. Co. v. Burkett, 42 Ala. 83, 89; Jones v. N. O. & S. R. Co., 70 Ala. 227; Commissioners' Court v. Street, 116 Ala. 34, 22 So. 629; M., J. & K. C. R. Co. v. Riley, 119 Ala. 260, 24 So. 858; Ala. Central R. Co. v. Musgrove, 169 Ala. 424, 428, 53 So. 1009; Stout v. Limestone County, 211 Ala. 227, 100 So. 352.

We shall consider the same at the outset. The case of Alabama & Florida R. Co. v. Burkett, supra, was rendered during the time the Constitution of 1867 was in force. Under this Constitution (article 13, § 5), it is provided: "No right of way shall be appropriated to the use of any corporation, until *full compensation therefor be first made in money*, or secured by a deposit of money to the owner, irrespective of any benefit from any improvement proposed by such corporation," etc. (Italics supplied.) For an understanding of the Burkett Case, it is necessary to follow the provisions of the two subsequent Constitutions, 1875 and 1901, respectively.

For the purpose of drawing the distinction under the Constitution of 1868 (applied in the Burkett Case) to that of the Constitution of 1875 and 1901, note that the last two Constitutions made a decided change in the provisions for construction. In article 13, § 7, Constitution of 1875, the provision is made that corporations invested with the privilege of taking private property, for public use,

"shall *make just compensation for the property taken, injured, or destroyed*," etc. (Italics supplied.) This section was further changed by the Constitution of 1901, in this: "Municipal and other corporations * * * invested with the privilege of taking property for public use, shall make just compensation, *to be ascertained as may be provided by law*, for the property taken, injured or destroyed," etc. (Italics supplied.) Section 235, Constitution 1901. That is to say, it will be thus noted that the Constitution of 1875 made radical changes from the Constitution of 1867, by eliminating the words "full compensation therefor be first made in money, or secured by a deposit of money," and substituting "just compensation for the property taken," etc., and that the Constitution of 1901 enlarged upon the Constitution of 1875 by inserting the words "to be ascertained as may be provided by law."

With the provisions of these several Constitutions before us, we note that the construction and holding in Ala. & Fla. R. Co. v. Burkett, 42 Ala. 83, 88, as defining "full compensation," has no application; nor is it binding under the Constitution of 1901, § 235, as defining "just compensation, to be ascertained as may be provided by law," etc. Ala. & Fla. R. Co. v. Burkett, supra; City of Huntsville v. Goodenrath, 13 Ala. App. 579, 588, 68 So. 676; Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739.

The case of Jones v. N. O. & S. R. Co., 70 Ala. 227, was an application of the provisions of the Constitution of 1868, and followed the decision in Ala. & Fla. R. Co. v. Burkett, 42 Ala. 83; Hays v. Ingham-Burnett Lumber Co., 217 Ala. 524, 527, 116 So. 689. The case of Commissioners' Court of Colbert County v. Street, 116 Ala. 28, 34, 22 So. 629, was under the Constitution of 1875, and was under a petition for the purpose of opening a public road. This case does not hold that compensation for damages to the owner should be made *in money*, without a consideration of the benefits in ascertaining that damage. It is declared:

"In the case of Hooper v. Savannah & Memphis R. R. Co., 69 Ala. 529, it was said: 'Just compensation included not only the value of the parts of the lots actually taken and appropriated to the use of the company, but the injury to the remaining lots or parts of lots, and if the ways of ingress to and egress from the lots were obstructed or interrupted, such obstruction or interruption formed a part of the injury, for which compensation should have been made.' In Jones v. N. O. & S. R. Co., 70 Ala. 227, which was a proceeding to ascertain the value of the compensation to be paid to the owner of lands, which had been taken and appropriated by the railroad corporation, it was said (page 232): 'In this proceeding it is only "just compensation" which

may be awarded to the owner of the lands. This includes not only the value of the land which may be taken, but the injury resulting to the remaining lands of the proprietor.' * * * The proper compensation is the difference between the value of the tract, as compared with its value after the establishment of the road. If the owner was not damaged, if his premises were in every respect as valuable after the establishment of the public road, as before, then the owner would not have sustained any damage. We are of opinion, however, that under the facts and return of the jury he was entitled to the value of the lands appropriated to public use in any event."

The case of M., J. & K. C. R. Co. v. Riley, 119 Ala. 261, 24 So. 858, quoted the case of Hooper v. Savannah & Memphis R. Co., 69 Ala. 529, with approval as to the measure of damages in condemnation proceedings under the Constitution of 1875 (1) to the full amount of the land taken; (2) and to the extent the remaining lands *are diminished in value*.

That of Ala. Cent. R. Co. v. Musgrove, 169 Ala. 424, 53 So. 1009, condemnation sought was under the statutes and the Constitution of 1901; just compensation was said to include (1) the value of the land taken; (2) any injury to the remaining part of the tract of land; (3) as an element in assessing damages for the taking of land, the adaptability of the land taken for a special purpose, affecting its value, must be taken into consideration; (4) damages to other lands of the landowner limited to the tract, a portion of which is taken, may extend to recovery for damages to the entire tract; (5) that the proper way to arrive at diminution in value of the remaining land of said tract is the difference in the market value just before and just after the taking.

In Stout v. Limestone County, 211 Ala. 227, 100 So. 352, the question was under section 3872, of the Code of 1907, before its amendment, and under the provisions of the Constitution of 1901. The question now for decision was not there decided, for the reason that "just compensation, to be ascertained as may be provided by law, for the property taken, injured or destroyed," under the statute cited *expressly forbids* the consideration of incidental benefits to the remaining lands of the owner in consequence of the use for which the lands were to be taken.

The important question recurring for decision is the correct interpretation of the words "just compensation to be ascertained as may be provided by law," under the Constitutions having application. The Fifth Amendment to the Constitution of the United States contains the words, "Nor shall private property be taken for public use, without just compensation," and is the same in effect as section 23 of the Alabama Constitution.

The question before us was presented in Bauman v. Ross, 167 U. S. 550, 17 S. Ct. 966, 976, 42 L. Ed. 270, 283, 285, 286. Section 11 of the act of Congress providing permanent system of highways in that part of the District of Columbia lying outside of the situs contained the provision that "where the use of a part only of any parcel or tract of land shall be condemned in such a proceeding the jury in assessing the damages therefor shall take into consideration the benefit the purpose for which it is taken may be to the owner or owners of such tract or parcel by enhancing the value of the remainder of the same and shall give their verdict accordingly." 27 Stat. 532, c. 197. The parts of the act attacked for unconstitutionality are sections 11 and 15. The last stated section provided for assessing and charging the amount awarded as damages to the land and the remainder to the revenues of the District of Columbia. The court, through Mr. Justice Gray, declared that no provision of the act was offensive to the Constitution. It is further declared:

"In the fifth article of the earliest amendments to the constitution of the United States, in the nature of a bill of rights, the inherent and necessary power of the government to appropriate private property to the public use is recognized, and the rights of private owners are secured, by the declaration 'nor shall private property be taken for public use without just compensation.' The right of eminent domain, as was said by this court, speaking through the Chief Justice, in a recent case, 'is the offspring of political necessity, and is inseparable from sovereignty unless denied to it by its fundamental law. It cannot be exercised except upon condition that just compensation shall be made to the owner; and it is the duty of the state, in the conduct of the inquest by which the compensation is ascertained, to see that it is just, not merely to the individual whose property is taken, but to the public which is to pay for it.' Searl v. [Lake County] School Dist. [No. 2], 133 U. S. 553, 562, 10 S. Ct. 374 [33 L. Ed. 740, 746]. The just compensation required by the Constitution to be made to the owner is to be measured by the loss caused to him by the appropriation. He is entitled to receive the value of what he has been deprived of, and no more. To award him less would be unjust to him; to award him more would be unjust to the public.

"Consequently, when part only of a parcel of land is taken for a highway, the value of that part is not the sole measure of the compensation or damages to be paid to the owner; but the incidental injury or benefit to the part not taken is also to be considered. When the part not taken is left in such shape or condition as to be in itself of less value than before, the owner is entitled to additional damages on that account. When, on the other hand, the part which he retains is specially and directly increased in value by the public improvement, the damages to the whole parcel by the appropriation of part of it are lessened. If, for example, by the widening of a street, the part which lies next the street, being the most valuable part of the land, is taken for the public use, and what was before, in the rear becomes the front part, and upon a wider street, and thereby of greater value than the whole was before, it is neither just in itself, nor required by the Constitution, that the owner should be entitled both to receive the full value of the part taken, considered as front land, and to retain the increase in value of the back land, which has been made front land by the same taking. * * *

" 'The word "damages" is of general import, and is equivalent to compensation. It includes more than the mere value of the property taken, for often the main injury is not in the value of the property absolutely lost to the owner, but in the effect upon the balance of his property of the cutting out of the part taken. He is damaged, therefore, more than in the value of that which is taken. Conversely, the appropriation of the part taken to the new uses for which it is taken may operate to the direct and special improvement and benefit of that not taken. Surely, this direct increase in value, this special benefit resulting from the improvement the public is making, and for which it must be taxed, reduces the damages he has sustained.' [Pottawatomie County] Commissioners v. O'Sullivan, 17 Kan. 58–60. And the rule has been applied where the special benefits equaled or exceeded the damages, so that the owner of the land received nothing. Tobie v. [Brown County] Commissioners, 20 Kan. 14; Trosper v. [Saline County] Commissioners, 27 Kan. 391.

"Nothing inconsistent with this view was decided or intimated in the opinion of this court delivered by Mr. Justice Brewer, in Monongahela Nav. Co. v. U. S., 148 U. S. 312, 13 S. Ct. 622 [37 L. Ed. 463]. * * * The careful collection and classification of the cases upon this subject in Lewis on Eminent Domain (sections 465–471) shows that in the greater number of the states, unless expressly forbidden by Constitution or statute, special benefits are allowed to be set off, both against the value of the part taken, and against damages to the remainder; that in some of those states general benefits also are allowed to be thus set off; that in comparatively few states both kinds of benefits, or at least special benefits, are allowed to be set off against damages to the remainder, but not against the value of the part taken; and that in Mississippi alone benefits are not allowed to be considered at all. See, also, Cooley, Const. Lim. (6th Ed.) 697–702; 2 Dill. Mun. Corp. (4th Ed.) §§ 624, 625; Rand. Em. Dom. §§ 254–273."

General and leading authorities are reviewed in Bauman v. Ross, supra, which is the leading case on the subject, and has been

cited with approval in the later decisions of the Supreme Court of the United States. Houck v. Little River Drainage District, 239 U. S. 254, 36 S. Ct. 58, 60 L. Ed. 266; United States v. Archer, 241 U. S. 119, 36 S. Ct. 521, 60 L. Ed. 918; Glass v. Woodman, 241 U. S. 646, 36 S. Ct. 451, 60 L. Ed. 1219; Brown v. City of New York, 242 U. S. 612, 37 S. Ct. 19, 61 L. Ed. 527; McCoy v. Union Elev. R. Co., 247 U. S. 354, 38 S. Ct. 504, 62 L. Ed. 1156.

The report of and notes to the case of Symonds v. Cincinnati, 14 Ohio, 147, annotated by Judge Freeman in 45 Am. Dec. 529, wherein compensation required by the Ohio Constitution was required to be *in money* (as was the case in our Constitution of 1868, but not in those of 1875 and 1901) to the owner for property appropriated for public welfare, held that it is the better opinion that the method of ascertaining the amount of compensation should consider and take account of the enhancement of the property caused by the construction work. The illustration employed in that case is:

"It is contended by the plaintiff's counsel, that, by compensation to the owner in money, as the words are employed in the constitution, is signified the actual value of the property appropriated, in money, subject to no deduction whatever! We cannot adopt this opinion. If such were the intention of its authors, they probably would have used language like this: Provided the value of the property be paid, in money, to the owner. That just, full, and adequate compensation must be made, and in money, is certain; more can not be required; but if, in appropriating property of the value of $4,000, when, by the same appropriation, the value of what remains is increased $2,000 and the value of the property taken is the rule of damages, the owner actually takes $2,000 without the least consideration, and receives more than the constitution enjoins to be paid, because it is more than a compensation. Other cases may occur where the full value of the property will not be a just compensation. His house may be taken down, and he and his family thrown out of employment, and, in addition to the value of his house, he would clearly be entitled to consequential damages, or he would not receive full compensation. The word compensation imports, that a wrong or injury has been inflicted, which must be redressed in money. Money must be paid to the extent of the injury, whether more or less than the value of the property; and then, in our view, is the language of the constitution satisfied."

The subject is thus summarized by Judge Freeman:

"* * * It is considered proper, in determining the question of just compensation, to take into account both the damages and the benefits, so far as the latter are special and peculiar to the owner of the land taken or injured: Cooley's Const. Lim. 566 (marg. page); Livingston v. Mayor, etc., of New York, [8 Wend. (N. Y.) 85], 22 Am. Dec. 622; Whiteman's Ex'rs v. Wilmington & S. R. R. Co., [2 Harr. (Del.) 514], 33 Am. Dec. 411; San Francisco, A. & S. R. R. Co. v. Caldwell, 31 Cal. 367; Root's Case, 77 Pa. St. 276: Greenville & C. R. R. Co. v. Partlow, 5 Rich. [Law (S. C.)] 428; State v. Blauvelt, 34 N. J. L. 261; Commissioners of Pottawatomie Co. v. O'Sullivan, 17 Kan. 58. Brewer, J., in delivering the opinion of the court, in the case last cited, thus presents the arguments usually offered in support of this view: 'But this compensation is secured if the individual receive an amount which, with the direct benefits accruing, will equal the loss sustained by the appropriation. We, of course, exclude the indirect and general benefits which result to the public as a whole, and, therefore, to the individual as one of the public; for he pays in taxation for his share of such general benefits. But if the proposed road or other improvement inures to the direct and special benefit of the individual out of whose property a part is taken, he receives something which none else of the public receive, and it is just that this should be taken into account in determining what is compensation. Otherwise he is favored above the rest, and instead of simply being made whole, he profits by the appropriation, and the taxes of the others must be increased for his special advantage. Upon general principles, then, and with due regard to right and justice, it should be held, that the public may show what direct and special benefits accrue to an individual claiming road damages, and that these special benefits should be applied to the reduction of the damages otherwise shown to have been sustained.' And if an adjustment made on these principles shows that the benefits are equal to the damages, the owner is awarded nothing, but is regarded as having received full compensation in benefits: Cooley's Const. Lim. 570 (marg. p.); Whitman v. Boston & M. R. R., 3 Allen [Mass.] 133; Nichols v. Bridgeport, 23 Conn. 189, [60 Am. Dec. 636]; Trinity College v. Hartford, 32 Conn. 452; Putnam v. Douglas Co., 6 Or. 328, [25 Am. Rep. 527]; Livingston v. Mayor, etc., of New York, [8 Wend. (N. Y.) 85], 22 Am. Dec. 622; Winona & St. P. R. R. Co. v. Waldron, 11 Minn. 515 [(Gil. 392), 88 Am. Dec. 100]; Livermore v. Jamaica, 23 Vt. 361; Elgin v. Eaton, 83 Ill. 535, [25 Am. Rep. 412]; Mills on Eminent Domain, sec. 151.

"It must be understood that in estimating benefits and injuries, those only are to be considered which are special and peculiar to the owner of the land taken or injured. Those that he sustains or receives in common with the neighborhood or community generally can not be taken into account: Cooley Const.

Lim. 566 (marg. p.); St. Louis & St. J. R. R. Co. v. Richardson, 45 Mo. 466; Wyandotte, K., C. & N. W. R. Co. v. Waldo, 70 Mo. 629; Hornstein v. Great Western R. R. Co., 51 Pa. St. 87; Root's Case, 77 Pa. St. 276; Dickenson v. Fitchburg, 13 Gray [Mass.] 546; Carpenter v. Landaff, 42 N. H. 218; Commissioners of Asheville v. Johnston, 71 N. C. 398; Keithsburg & E. R. R. Co. v. Henry, 79 Ill. 290; Carli v. Stillwater & St. P. R. R. Co., 16 Minn. 260 (Gil. 234); Vicksburg, S. & T. R. R. Co. v. Calderwood, 15 La. Ann. 481; Mills' Em. Dom., sec. 153. * * *

"Judge Cooley, in a note on page 570 (marg.) of his work on Constitutional Limitations, says, in reference to the rule allowing benefits to be set off against damages: 'It has sometimes been objected, with great force, that it was unjust and oppressive to set off benefits against the loss and damage which the owner of the property sustains, because thereby he is taxed for such benefits, while his neighbors, no part of whose land is taken, enjoy the same benefits without the loss.' And this objection would seem to have peculiar force in cases where the property is taken by a private corporation, to be used solely for the profit and advantage of the individuals who compose the corporation.

"Cases Denying Right To Set-Off.—In some states the right to set off benefits is not allowed in any case whatever. In these cases it is held that payment must be made in money, and cannot be made in benefits of any kind: Robbins v. Milwaukee & H. R. R. Co., 6 Wis. 636; Isom v. Mississippi C. R. R. Co., 36 Miss. 300; Penrice v. Wallis, 37 Miss. 172; New Orleans, J. & G. N. R. R. Co. v. Moye, 39 Miss. 374; Woodfolk v. Nashville & C. R. R. Co., 2 Swan. [Tenn.] 422; Alabama & Fla. R. R. Co. v. Burkett, 42 Ala. 83. In the last case it was decided that 'just compensation,' within the meaning of the constitution of Alabama, must be made in money, and any increased value of the lands of the owner arising from the public works for which such lands are taken, can not be considered in assessing the amount of compensation to be paid for the portion taken."

We have indicated that the case of Alabama & Florida R. R. Co. v. Burkett, supra, from this court and cited by Judge Freeman as expressing a minority view, was rendered while the Constitution of 1867 was in effect, and required the "full compensation therefor be first *made in money*, or secured by a *deposit of money to the owner, irrespective* of any benefit from any improvement proposed," etc. Article 13, § 5, Const. 1867.

The rule is recognized by Mr. Dillon in his work on Municipal Corporations (5th Ed., vol. 3, § 1062), saying: "A proper and practical rule is to first ascertain the then fair market value of the entire premises, part of which is proposed to be taken; * * * then ascertain the like value of the premises in the condition in which they will be after the part is taken, * * . * deducting special and peculiar benefits as above defined; and the difference in value, be it more or less than the value of the part taken, will constitute the measure of compensation."

The Supreme Court of the state of New York in the case of Beekman v. Saratoga & Schenectady R. Co., 3 Paige (N. Y.) 45, 22 Am. Dec. 679, 685, 686, announced the same rule: "When, therefore, the Constitution provided that private property should not be taken for public uses without just compensation, and without prescribing any mode in which the amount of compensation should be ascertained it is fairly to be presumed the framers of that instrument intended to leave that subject to be regulated by law, as it had been before that time; or in such other manner as the legislature, in their discretion, might deem best calculated to carry into effect the constitutional provision, according to its spirit and intent."

And to like effect is Livingston v. Mayor of New York, 8 Wend. (N. Y.) 85, 22 Am. Dec. 622, 628, declaring: "When they [the makers of the Constitution] directed that private property should not be taken for public use without just compensation, but said nothing as to the manner in which such compensation should be ascertained, it is to be presumed they intended to leave that subject to the discretion of the legislature, to be regulated in such manner as might be prescribed by law."

We have indicated there is nothing in the Constitution of this state, nor of the United States, prohibiting a consideration of benefits in estimating the just compensation to be paid. There being no such prohibition, none can be implied. Therefore the Legislature, in the exercise of the right of eminent domain, could direct that, when a part or parcel of land is appropriated for public use indicated, in ascertaining the amount of *just compensation*, there may be taken into consideration the benefits caused thereby.

The framers of our last Constitution had the foregoing provisions in mind when they made the significant changes from section 5 of the Constitution of 1868 to that of 1901, as section 235. This section took the place of section 7 of article 14 of the Constitution of 1875. While the two sections are similar, the 1901 Constitution carried this new specific provision: "To be ascertained as may be provided by law." This is apparent that the intent was to leave to the Legislature the right to fix the measure and method of proof in such cases, so that "just compensation" could be made. And compensation, to be just, must be just compensation to the owner and just to the public.

The act in question (Acts 1927, pp. 492, 493) offends no provision of organic law, state·or federal. Const. 1901, §§ 23, 235; Const. U. S. Amend. art. 5. We have indicated that the codification of the act of 1927 as the proviso to section 7489, Code of 1928, was not within the application made of that statute (before its amendment) in Stout v. Limestone County, 211 Ala. 227, 100 So. 352.

There was no reversible error in giving charges 1 and 6, confined as they were to the evidence and as to the tract of land in question and subject to the improvement made.

The judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J. (dissenting). The effect of the holding of the majority is that it is within legislative competency to authorize municipal corporations—counties, towns and cities —to take private property for public use as a street, highway, or public road, without compensation other than incidental benefits arising from the establishment and building of such way, if such benefits equal the value of the property actually taken. To state the substance of the opinion in a different way: If a county, city, or town takes half of one's property for a·public way, and the value of the half which remains is equal to the value of the whole before the way was established, no compensation need be made. I cannot agree to this view and therefore respectfully dissent.

Section 23 of the Constitution of 1901 provides that "private property shall not be taken for, or applied to, public use, *unless just compensation be first made therefor;*" and section 235 provides, "Municipal and other corporations and individuals invested with the privilege of taking property for public use, *shall make just compensation,* to be ascertained as may be provided by law, *for the property taken,* injured or destroyed by the construction or enlargement of its works, highways or improvements, *which compensation shall be paid before such taking,* injury, or destruction. The Legislature is hereby prohibited from denying the right of appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise, but such appeal shall not deprive those who have obtained the judgment of condemnation from a right of entry, provided the amount of damages assessed shall have been paid in the court *in money,*" etc. (Italics· supplied.)

From these provisions, viewed in the light of the history of the Constitution and legislation thereunder, it is clear to my mind that for the property *actually taken* just compensation must be made in money. When it comes to the question of injury and damages to what remains, incidental benefits, if not prohibited by legislative act, may and should be considered.

As to the property not taken, if there is no injury or damage, then the property owner has suffered no detriment. But, as to the property actually taken, no matter if the value of what remains is increased to and equals the value of the whole before the taking, still the property owner is forced ·to contribute his property for the benefit of the public, without any benefit to himself. His *status is not improved, yet the property of his* neighbors is doubled in value; they and the public gain all the benefits, and the one whose property is taken suffers all the detriment. This is not my idea of justice, nor the purport and effect of the quoted provisions of the Constitution.