THE STATE ex rel. DRIVER. et al. *versus* THE COMMISSIONERS of Roads and Revenue of Talladega.

### QUESTION IN THIS CASE.

*Relative to mandamus, directing the establishment of a ferry.*

1. A peremptory *mandamus* will not be awarded against an inferior tribunal, directing it to grant a right, under a statute, to which the party applying has not entitled himself.
2. So, where one sought to obtain, from the Court of Commissions of Revenue and Roads, a license to a ferry, (under the 17th section of the act of 1821,) and the petition showed that he was not the owner of the soil, on both sides the river; and that a ferry had been already established by a proper tribunal; it was held, that this Court would not reverse an order of the Circuit Court, refusing to grant a *mandamus.*

In this case a relation was filed, in Talladega Circuit Court, in the name of the State of Alabama, by Driver and others, praying a mandamus to the Court of Commissioners of Revenue and Roads, of that County. to compel the issuance of a license to the relators. for a public ferry. The petition set out, that the relators were the owners of a certain fraction of land, situate upon the eastern bank of the Coosa river; that there were two public roads in that vicinity, one immediately on the upper, and the other on the lower side of the Talladega creek, which passed through said fraction, to the said river, Coosa; that, on the western side of said river, Coosa, directly opposite said fraction, a public road, called the State road, leading from Tuskaloosa County to Kemulgee, met the said river. That no license, to establish a public ferry, had been granted by the proper autho-

rity of Talladega County, on or across said river, where said road meets said river, nor within two miles of said road : that the public convenience required that a public ferry should be established at that place. That, as the owners of the land, on the eastern bank of said river, the relators, believing themselves entitled to a license, to establish a ferry, from the eastern bank of said river, made a written application to the Court of Roads and Revenue of said County of Talladega, for the necessary order.— That said Court, at the hearing of the application, determined that they had no authority to grant the license prayed for, because a ferry, if there granted, would be within two miles of one already established by the Court of Commissioners of Roads and Revenue, for Shelby County—and so, rejected the relator's application. The petition closed with a prayer of process, to compel the said Commissioners to grant the licence or answer at the next term of the Court, &c. Upon the filing of the relation, the Circuit Court granted an order, conforming to the prayer of the petition.

At the ensuing term of the Circuit Court, the commissioners, in obedience to the said order of the Circuit court, filed their answer to the relation, setting out, that, upon an investigation of the said application, it had been made to appear to said court, that the court of commissioners of roads and revenue, for the county of Shelby, had established a licensed ferry, at said place, alluded to, in the application of said relators : and that, according to their construction of the statute, they had no authority to grant a license to the said relators.

The Circuit Court, upon the consideration of this

answer, overruled the motion for a mandamus: and a writ of error was thereupon taken, by the relators, to this Court.

*Ellis & Peck,* for the plaintiffs in error; *Mardis* and *Chilton, contra.*

HITCHCOCK, C. J.—This is a writ of error from the Circuit Court of Talladega County, to a judgment of that Court, refusing to award a peremptory mandamus to the Commissioners of roads and revenue of said County, directing them to grant to the relators, a license for a public ferry, over the Coosa river, at the mouth of the Kemulgee creek, in said county.

The petition is filed in the name of the State, at the relation of E. M. Driver and others, stating that the petitioners became the owners, in Jan'y, 1834, of a fraction of land, immediately upon the eastern shore of the Coosa river, embracing the eastern bank of said river, to the water's edge. That there are two public roads passing through said land—the one on the upper, and the other on the lower side of the Kemulgee or Talladega creek, at its junction with the Coosa. That there is, on the western side of the Coosa, immediately opposite the said roads, on the eastern side of the river, a public road, called the State road, leading from Tuskaloosa county to said Coosa river. That no license to establish a public ferry has been granted by the commissioners' court of roads and revenue of Talladega county, across said river, where said roads meet, nor within two miles thereof. That the public convenience requires the establishment of such a ferry. That the petitioners, as the owners of the land, on the eastern side of the river, are en-

titled, as they believe, to a license, to establish a public ferry, from the eastern bank of said river. That they made an application, in writing, to the Court of roads and revenue for the county of Talladega, at the May Term, 1834, of said court, for a license.— That they made manifest to said court, at September term, 1834, (to which term said petition was continued,) their title to said land, and all the other facts in their application, as they were advised, necessary to entitle them to the license for the ferry. That the said Court determined they had no authority to establish the ferry in the county of Talladega, upon said application, because the same would be within two miles of a ferry, licensed by the county court of Shelby county, on the western bank of said river— and rejected the petition of the relators for that reason.

On this petition, the Circuit court of Talladega county, granted a rule upon the defendants, directing them, either to set aside their said order and grant the petition, or to show cause for not so doing, at the May Term, 1835, of said court.

The court of roads and revenue, at the September Term of the circuit court, for cause, in answer to the rule, state, that upon the investigation of said application, one Louis S. Tulam, by certian parol and record testimony, procured by him, from the commissioners of roads and revenue of Shelby county, satisfactorily convinced them, that there was established at said place, for which the petitioners had made application, a ferry, which said ferry had received the sanction of the legislature of the State of Alabama, and the repeated sanction of the legally constituted authorities of Shelby county. That,

therefore, they, according to their construction of the statute, regulating the establishment of ferries,[a] did not consider themselves authorised to grant the license applied for, by the relators; upon the filing of which, the Circuit court refused to grant the mandamus, and dismissed the petition.

Many points have been made by the counsel, on each side, which have been very elaborately argued; to which the court has listened, with attention and pleasure.

The first and only one, to which the Court has found it necessary to investigate, is, whether the relators have, in their petition, established a right, in themselves, to the thing for which they have applied? This is an indispensable requisite, in applications for a mandamus; and without which, none will be granted.[b]

It was held in the case of *Dyer* vs. *The Tuskaloosa Bridge Company*,[c] and is admitted here, that " the laying off, regulating and keeping in repair, roads, highways, bridges and ferries, for public use and convenience, is an exercise of the supreme authority of the State." That upon this ground the Legislature has delegated certain authority to the commissioners of roads and revenue in each county; and it is on the ground that the proper tribunal has refused to grant to the relators, by, as they contend, an erroneous construction of these laws, the rights which are secured to them under the same, that this application is made.

The only provision applicable to this question, is to be found in the 17th section of the act relating to roads, bridges and ferries;[d] which declares, that " when land is owned by the same person, on both

[a] Aik. Dig. 333

[b] 1 Cranch, 137; 8 East, 219; 1 Wen 318; 3 Dal. 42; 3 Bin. 273; 5 ib 87 —6 ib 456; and 556; 4 Bacon, 505 —1 Yates, 46; 2 Stran 880

[c] 2 Porter's Rep. 303.

[d] Aik. Dig. 363, §27.

sides of a river, over which it may be necessary to establish a ferry, such person shall have the ferry established on his land, on both sides, if he desire it, unless public convenience would be, thereby, prejudiced. But if the land of such person is most suitable, on one side of such river, and not on the other, then the court may establish such ferry, so as to produce the most public good, and least private injury; but no public ferry shall be established within less than two miles, by water, of any ferry already established; unless on a river at, or within two miles of any town."

To bring the relators within the provisions of this section, three things, are necessary : first, that they should be the owners of the land, on both sides of the river; second, that their landings should be the most suitable; and third, that no public ferry shall have been established within two miles, by water, of .the place, at which they wish to have theirs established.

In the case before the Court, the petition shows, not only that the relators are not the owners of the soil, on both sides of the river, but that there was, at the time of the application, a ferry already established, by the County Court of roads and revenue, of the County of Shelby. These two facts being admitted, either of them is decisive of this case.

Without the ownership of the land, on both sides, the right can not be exclusive in the relators, in any event: and, the existence of the ferry, by order of a Court, having jurisdiction of the subject matter, whether exercised rightfully or not, is fatal to this application.—It involves an investigation of the rights of

third persons, which can not be questioned, in this mode of proceeding.

There is no prescriptive right to a ferry, in this State—the ownership of the land, on the banks of our navagable streams, gives none. The condemnation of the lands through which a public road may run, under the 2nd section of the act of 1821,[a] giving the owner compensation, is all that he has a right to claim. This secures the use of the banks, for the purpose of the ferry; and unless the relators can bring themselves within the provisions of the 17th section of the act above alluded to, they have no right to complain. Had there been no ferry established, at the place applied for, and it appeared, that there was a pubic road at that place; and also, that the ferry applied for, was within the jurisdiction of the inferior Court; this Court would have granted an order to compel that Court to establish the ferry, and grant a license; but they would not have directed to whom it should issue. This can only be done, when the relators shew a right, in themselves, to the exclusion of all others. In all other cases the Court of roads and revenue is invested with a discretion, which is not within the revising power of this Court, in a proceeding of this kind.

It is contended, by the counsel for the plaintiffs in error, the river being the dividing line, between the two Counties of Shelby and Talladega, each County has a right to establish a ferry, on its side; and that, in such a case, the prohibition, that no ferry shall be established within two miles, by water, of another, does not apply.

We can not yield to the force of this reasoning. The licensing and use of a ferry, necessarily require

*Aik. Dig. 359, §13.

the use of both banks of a river: and, if one is established, on one side, it excludes the idea of the legitimate establishment of another, on the opposite side; or within two miles, by water, on either side. Whether there is not a necessity for further legislation, in a case where a navigable stream divides two counties, is a question which does not properly arise in this case. We, therefore, forbear to express any opinion upon it.

We place our decision upon the ground that the relators have not shewn any right to the ferry, under the section alluded to. Whether the return is sufficiently explicit; also, whether the discretion, which is vested in the Court of roads and revenue, (admitting the right to have been made out,) has been exercised: and, whether a writ of error would not be the proper mode of revisal—are questions, we express no opinion upon.

Let the judgment be affirmed.