JONES ET AL. v. JOHNSON.

1. Where a river divides two counties, the Commissioners' Court of either county may establish a ferry over the stream which divides them; which is exclusive of the right of either county to establish another ferry within two miles thereof, unless in the case of a town at or near the ferry so established; in which case, the right exists in either county to establish an additional ferry, if in the opinion of the Commissioners' Court, the public good demands it, subject only to those restrictions pointed out in the statute.

Error to the Chancery Court at Eutaw.

This was a bill in chancery, filed by the defendant in error against the plaintiffs in error, to enjoin them from keeping a ferry across the Tombeckbee river. The bill charges that, some four years since, the complainant obtained a license for a public ferry across the Tombeckbee river, at the town of Warsaw; and has, since that time, kept up the ferry by providing boats, &c; that during the last year, a ferry has been established at the same place by the defendant, about two hundred yards from his; and it is admitted, that they obtained from the Commissioners' Court of Greene county, a license therefor.

and have given the necessary bond and surety. The bill charges, that the convenience of the public did not require the establishment of another ferry; and that more than one ferry cannot be supported at that place.

The Chancellor decreed, that the proprietors of the ferry last established, be perpetually enjoined from using it. From which decree, this writ of error is prosecuted.

THORNTON, for plaintiff in error, cited Aik. Dig. 363; 3 Porter 418.

HAIR, contra, cited 1 Porter 130.

ORMOND, J.—The Court of Roads and Revenue of the county of Greene, granted to the plaintiffs in error the right to establish a ferry on the Tombeckbee river, opposite the town of Warsaw, in Sumter county, within about two hundred yards of a ferry, which had been previously established, of the defendant in error, some years before. The Chancellor decreed a perpetual injunction of the use of the ferry last established, on the ground that the privilege given by statute, of establishing more ferries than one within a less distance than two miles of each other, where there was a town on a river, was a privilege secured to the county in which the town was situated.

As a matter of right, and as incidental to the right of property, any one owning lands on both sides a river, could establish a public ferry; but as it is a matter in which the public are deeply interested, the Legislature has by law taken this right from the citizen, and deposited the power with the Court of Roads and Revenue. A ferry established by this Court, excludes all competition within the space of two miles above and below the site of the ferry; and thus, by securing to him the exclusive privilege, enables the proprietor to provide himself with the necessary boats, hands, &c., to accommodate the public.

The exception to the exclusive privilege is, when the ferry is situate at or near a town. In such a case, it is obvious that one ferry might not be sufficient to supply the necessary convenience of crossing to the public; and the power to deter-

mine the necessity for an additional ferry or ferries, is confided to the Commissioners' Court, a tribunal peculiarly well qualified to determine such questions, and from whose decision, so far as that question is concerned, there is no appeal.

As the State is intersected by numerous rivers, most of which constitute the boundaries of counties, it is very improbable that the difficulty supposed to exist in this case, was not foreseen. In a case where either of two counties would have an equal right to establish a ferry, the right is given to both; and when the power is exercised by either, it is exhausted. It is in the nature of concurrent jurisdiction, the proper exercise of which by one tribunal, necessarily ousts all others. This was decided by this Court in the case of the State v. Commissioners of Roads of Talladega, 3 Porter 412.

The exception to the power of the Commissioners' Court to grant more ferries than one at the same points, is in truth an enlargement of the power. It is in these words: " But no public ferry shall be established within less than two miles by water of any ferry already established, unless on any river at or within two miles of any town." There is nothing in the language employed which could lead to the conclusion, that the Legislature intended to limit or restrain the general grant of power, which we have seen was made to both counties, of establishing ferries, when an additional ferry was rendered necessary from the neighborhood of a town. Nor is there any thing in the nature of the subject which requires an interpretation different from the natural and obvious import of the language. In the case of a town, there may be a necessity for more ferries than one; but what peculiar propriety is there in giving to the county in which the town is situate, the power of determining this necessity? The people of the county of Greene have the same right of ingress to the town of Warsaw, that the citizens of Warsaw have of egress from it; and it appears to us, that the Commissioners' Court of Greene are as well qualified to determine the question of the propriety of establishing an additional ferry, as the Court of Sumter county.

It is not pretended that the law has, in terms, conferred any such privilege on the county in which the town is situate over the adjoining county; and none such can be presumed from

the nature of the thing, or the necessity of the case, which could alone justify the Court in supposing that such was the intention of the Legislature, in opposition to the plain letter of the law.

It is therefore our opinion, that where a river divides two counties, the Commissioners' Court of either county may establish a ferry over the stream which divides them—that when so established in conformity to law, it is exclusive of the right of either county to establish another ferry within two miles thereof, unless in the case of a town at or near the ferry, when the right exists in either county to establish an additional ferry, if in the opinion of the Commissioners' Court the public good demands it, subject only to those restrictions pointed out in the statute.

We give no opinion as to the question, whether the grant of a ferry gives to the owner of the franchise any claim to the use of the lands of another, as that question is not presented on this record.

The decree of the Chancellor, therefore, granting a perpetual injunction of the use of the ferry of the plaintiff in error, is reversed; and this Court, proceeding to render such decree as the Court below should have rendered, do hereby order, adjudge and decree, that the bill of the complainant be dismissed for want of equity.