# Collins *v.* Ewing.

*Bill in Equity for Injunction against Interference with Ferry Franchise.*

1. *Ferry franchise ; validity of order granting.* — An order of the commissioners' court, granting a license to establish a ferry (Rev. Code, §§ 1383–87), is not void, because it fails to show that the grantee is the owner of one or both of the banks of the river on which the ferry is located, or that the prior right of such owner has been divested.

2. *Same ; conclusiveness of.* — The grant of a license to establish a ferry is complete, when a definite order has been made, and the required bond has been executed ; and when thus completed, it cannot be collaterally assailed for fraud, nor revoked in favor of another person as having a better right.

[Collins *v.* Ewing.]

APPEAL from the Chancery Court of St. Clair.
Heard before the Hon. B. B. McCRAW.

WALDEN & BISHOP, INZER & BOX, for appellant.

TAUL BRADFORD, *contra.*

B. F. SAFFOLD, J. — The appellant, claiming a ferry on
the Coosa river, under a license from the commissioners' court
of St. Clair county, obtained an injunction against one set up
in opposition, or interference, by the appellee. On the hearing
of the cause, the chancellor dismissed his bill, on the ground of
invalidity of his license. The court held the order of the com-
missioners' court granting the license void, because it failed to
show that the complainant was the owner of one or both banks
of the Coosa river, or that the prior right of such owner to a
license had been divested.

The court of county commissioners is invested with authority
to establish toll-bridges, causeways, and ferries, within their re-
spective jurisdictions; and to license any person to establish
them. R. C. §§ 1381, 1383. When a ferry is sought to be es-
tablished by any person, he is to be required to give bond with
security, to be approved by the probate judge, in not more than
two thousand dollars, payable to the county, and conditioned to
keep safe and convenient boats, with a sufficient number of fer-
rymen, and to keep the banks on each side of the water-course
in good repair. R. C. § 1383. "On application for ferries,
when the banks on each side belong to the same person, he is
entitled to the prior right of establishing a ferry; when the
banks belong to different persons, the court may grant the li-
cense, at its election, to either of such owners making the appli-
cation." R. C. § 1386.

The manifest construction of this last section is, that of all
who at any time apply for the privilege of establishing a ferry
at a particular place, the preference must be first given to him
who owns the land on both sides of the stream, if there be such
an applicant. If the land is not so owned, then to such one of
the applicants who own the land on one side, as the court may
elect. If there be none such, then to some other person, who
must pay to owner of any land appropriated for a public ferry
such damages as may be assessed on his application to the court
after the license is granted, under R. C. § 1387. If the owner
of the ferry does not pay the damages assessed within thirty
days after notice, the court, on application of the owner of the
land, must revoke the license. R. C. § 1387. Ownership of
the land confers no right to the franchise, except the preference
bestowed above, upon the timely application of the owner.

When the privilege is granted to any applicant, whether he owns the land or not, it cannot be recalled in favor of any other. *State* v. *Commissioners' Court of Talladega*, 3 Port. 412.

The complainant made written application to the commissioners' court of St. Clair county, in which he stated that he had, about ten years before, obtained a charter from the said court for a ferry on Coosa river, on section 33, township 17, range 4 east, in St. Clair county, and had established it; that the term was about to expire, and that he owned the lands in fee upon which the said ferry was established; and prayed for a license to keep a ferry at the same place. The court granted the license, and he executed a proper bond.

The law indicates that an application should be made; but it does not specify what it shall contain, or whether it shall be in writing, or be sworn to. It seems to be sufficient if the license is granted by the proper court over some place within its local jurisdiction, and a proper bond is filed. When once obtained, it cannot be collaterally assailed for fraud. *Harrell & Croft* v. *Ellsworth*, 17 Ala. 576. The court erred in treating the license of the complainant as invalid. We think he is entitled to a perpetual injunction; but, out of caution, we will not render such a decree in this court.

　　　　　　The decree is reversed, and the cause remanded.