(93 South. 906)

**PITTS v. BOGGS et al.  (8 Div. 475.)**

(Supreme Court of Alabama.   June 30, 1922.
Rehearing Denied Oct. 12, 1922.)

**1. Ferries ⚖️14—Required contents of notice prior to issuing license stated; notice is jurisdictional and condition precedent to license.**

Code 1907, § 3029, providing for publication of notices before issuance of ferry license, contemplates the notice shall state place of operation, one point of which shall be within jurisdiction of the issuing commissioners' court, and at a public river crossing where intersected by a public road on each side; and proper notice is a condition precedent to granting license and a jurisdictional fact.

**2. Ferries ⚖️14—Affirmative showing that issuance of prior notice was¹ defective, fatal to ferry license.**

That the commissioners' court issued a ferry license subsequent to acquiring general jurisdiction of ferries, under Code 1907, § 3312, does not dispense with, but merely raises presumption of, jurisdictional fact of 30-day prior

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

notice necessary under section 3029 (which previously dealt with that court as of limited jurisdiction) to validity of licenses; and affirmative showing that the ferry connecting road was established only four days prior to license rendered the order of the court void on its face and subject to collateral attack.

On Rehearing.

**3. Eminent domain ⊙⊃258—Presumption that probate court judgment for road condemnation was effective before circuit court judgment on appeal held overthrown by complaint and record.**

Where appeal was taken to the circuit court from probate road condemnation, the presumption asserted by complainant in collateral proceedings, that the probate judgment was effective antecedent to the circuit court judgment, was overthrown where complainant alleged date of circuit court judgment as actual date of road establishment and the circuit judgment entry failed to show damages paid into court and bond given on the probate appeal, which, under Code 1907, § 3876, would work a suspension of the probate judgment.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Bill by F. E. Pitts against Hugh Boggs and others for injunction. From an order denying the injunction, complainant appeals. Affirmed.

The bill is filed by F. E. Pitts against Hugh Boggs, Clayton Boggs, and Howard Powell, and alleges that on April 3, 1922, the commissioners' court of Limestone county, Ala., entered of record on ·its minutes an order granting to the complainant a license to operate a ferry across the Tennessee river˙ between a certain designated public road in Limestone county, condemned in the circuit court of Limestone county on March 31, 1922, and a certain designated public road in Morgan county, upon the execution by complainant of the requisite bond; that complainant filed such bond with the probate judge of Limestone county ˙on April 4, 1922; and that it was approved by said judge.

It is averred that complainant has operated a public ferry at the points in question since the filing of said bond; that complainant has improved the landings on either side of said river; that the intersection of the public road with the Tennessee river on the Limestone county side is practically opposite the intersection of the river with the public road on the Morgan county side.

It is averred that defendants are also operating a ferry across the Tennessee river in competition with complainant, but that complainant is informed and believes, and so states, that they are operating without authority from a point on either side of the river where a public road intersects the river; that the landing places used by defendants are 50 or 60 feet distant from the landing places used by the complainant. And it is averred that frequently, when the boat of defendants and that of complainant are landed on the same side of the river at their respective landing places, there is not room for complainant's boat to be moved without colliding with defendants' boat; and that in crossing the river it is frequently necessary for complainant to stop his boat in order to avoid colliding with defendants' boat. It is further alleged that the operation of their ferry by the defendants interferes with the complainant's free use and enjoyment of his franchise, resulting in financial loss incapable of being measured by damages in an action at law. The prayer is for an injunction to restrain the defendants from interfering with complainant in the operation of his ferry, and from operating their ferry from landing places across the line of complainant's ferry.

A certified copy of the judgment of condemnation rendered in the circuit court of Limestone county on March 31, 1922, is exhibited with the bill.

E. W. Godbey and Callahan & Harris, all of Decatur, for appellant.

The bill shows that the court has licensed the complainant to operate a public ferry, and that he has given the bond required by law, and his license is not subject to collateral attack by way of defense in a suit for its infringement. 6 Cal. 590, 65 Am. Dec. 542; 25 C. J. 1007; 51 Ala. 102; 3 Port. 417; 13 Cal. 11; 45 Fla. 338, 33 South. 713; 161 Cal. 672, 120 Pac. 421; 77 Va. 324; 84 Ky. 325, 1 S.˙W. 540; 123 Ky. 854, 97 S. W. 772, 99 S. W. 237, 8 L. R. A (N. S.) 433, 124 Am. St. Rep. 384; 10 Bush (Ky.) 269. The provision as to notice was merely directory; the granting of a ferry franchise at a highway crossing depriving no one of his property, as no additional burden was thereupon imposed on the fee. 147 Ala. 393, 41 South. 1003, 7 L. R. A. (N. S.) 87, 11 Ann. Cas. 1161; 132 Ala. 401, 31 South. 587. If complainant's franchise is invaded, injunction is the only adequate remedy. 6 Cal. 590, 65 Am. Dec. 535; 2 Stew. 213, 19 Am. Dec. 49; 1 La. Ann. 148, 45 Am. Dec. 85; 45 Fla. 179, 33 South. 714; 25˙ C. J. 1067. The proceeding to condemn must have originated in the probate court, and have been prosecuted to final judgment therein; and upon judgment of condemnation in the probate court, the county could have taken possession of the property, upon paying the amount into court, notwithstanding an appeal to the circuit court. Code 1907, §§ 3860, 3875, 3876. Since the record is silent as to notice, it will be presumed on collateral attack that complainant gave the necessary notice of his intention to apply for a license; and that the license was granted

⊙⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pursuant to such notice. 124 Ala. 238, 27 South. 297.

R. E. Smith, of Huntsville, S. A. Lynne, of Decatur, and Tennis Tidwell, of Albany, for appellees.

The order of the commissioners' court undertaking to grant a license to the complainant is void on its face for failure of compliance as to notice, and is subject to collateral attack. Code 1907, § 2039; 162 Ala. 133, 50 South. 273; 55 Ind. App. 518, 104 N. E. 97; 74 Ind. 409.

ANDERSON, C. J. Section 3029 of the Code of 1907 authorizes the establishment and the license of ferries by the court of county commissioners "only at the crossing of a river at a point where a public road has been established." Tuscaloosa County v. Foster, 132 Ala. 392, 31 South. 587. This section also provides:

"But no license for a ferry shall be granted until thirty days' notice of the intended application shall have been given, by notice published in a newspaper and posted at the courthouse door, and at three other public places in the county, two of which shall be in the immediate vicinity where it is proposed to establish such ferry."

[1, 2] The statute does not prescribe the contents of the notice, but necessarily contemplates that it shall set forth the point at which it is to be established, one over which the commissioners' court has jurisdiction, ex vi termini, at the crossing of a public river where a public road intersects the same on each side. The giving of this notice is, under the statute, a condition precedent to granting a license and is a jurisdictional fact. Commissioners' Court v. Holland, 177 Ala. 60, 58 South. 270 and cases there cited; Noble v. Union River Logging Railroad, 147 U. S. 165, 13 Sup. Ct. 271, 37 L. Ed. 123; Guaranty Trust Co. v. Green Cove Railroad Co., 139 U. S. 137, 11 Sup. Ct. 512, 35 L. Ed. 116. The record not only fails to disclose this jurisdictional fact, but affirmatively shows that a legal notice was not and could not have been given, as it shows the issuance of the license to this complainant on April 3d at a point where a road had been finally established just four days prior thereto.

We are, of course, aware of the fact that the Alabama case, supra, dealt with the order of the commissioners' court when it was one of limited jurisdiction and that it is now one of general powers as to roads, ferries, etc. Section 3312 of the Code of 1907; Edwards v. Bibb County, 193 Ala. 554, 69 South. 449. This change, however, does not dispense with the necessity for the existence of jurisdictional facts, but merely raises a presumption that they existed, and dispenses with the necessity for the recital of same in the orders and minutes of said court to sustain the same upon collateral attack. But when said proceedings disclose the want of a jurisdictional fact essential to authorize or support the order, the same is void on its face and subject to collateral attack.

The present statute is unlike the one as considered in the cases of Collins v. Ewing, 51 Ala. 101; State v. Commissioners of Talladega, 3 Port. 412, as the statute as it then existed had no such requirement as to the notice here dealt with and as a condition precedent to granting the license.

The trial court did not err in declining to issue the injunction sought by the complainant, and its action is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

ANDERSON, C. J. [3] It is suggested by counsel for appellant upon rehearing that while the judgment of condemnation was rendered on March 31st, and only antedated the issuance of the license 4 days, this judgment was by the circuit court, and that the condemnation proceedings were started in the probate court, and that presumptively the judgment of the probate court antedated the license for more than 30 days, and that the judgment so rendered was not suspended by an appeal to the circuit court under the terms of section 3876 of the Code of 1907. We could and would indulge this presumption did this record not in effect affirm the fact that the judgment of the probate court was suspended; that is, it, in effect, shows that it was suspended and did not become operative as of the date of the rendition of same. In the first place, the bill of complaint (section 5) says:

"The public road on the Limestone county side of the river was only established on or about the 31st day of March, 1922."

This negatives the fact that the judgment of the probate court was not suspended and that the road was therefore established earlier than March 31st. Second, section 3876 of the Code provides that no appeal shall suspend the judgment, provided the amount of the damages assessed shall have been paid into court in money and a bond shall have been given in double the amount of such damages. The judgment entry of the circuit court, in effect, negatives a compliance by this appellant with these requirements as it is not against any sureties and directs execution for damages assessed and takes no account of the payment of same or any part thereof into the probate court which was a condition precedent to prevent a suspension of the judgment of said court by the appeal.

The rehearing is denied.

SAYRE, GARDNER, and MILLER, JJ., concur.