(100 South. 352)

## STOUT et al. v. LIMESTONE COUNTY.
### (8 Div. 639.)

(Supreme Court of Alabama. May 1, 1924.)

**1. Eminent domain ⟷246(2)—Statute held to contemplate right to abandon proceedings should damages awarded appear excessive.**

Code 1907, § 3883, contemplates that if damages assessed in county's condemnation of land for road under sections 3860, 3861, 3865, 3871, appear excessive, and are not paid within time limited, condemnation is ineffective and rights of county determine.

**2. Eminent domain ⟷191(1)—Petition to probate court to condemn land for road held good as against demurrer.**

In view of Loc. Acts 1915, p. 353, and Gen. Acts 1915, p. 574, authorizing county to petition probate court under Code 1907, § 3860, to condemn land for public road, petition under section 3861, complying with requirements of that section, *held* good as against demurrer, averments therein that order of condemnation was made after engineer surveyed, mapped, and gave notice as prescribed in commissioners' order being surplusage.

**3. Eminent domain ⟷262(3)—Presumed on appeal that evidence authorized order of condemnation.**

In view of Code 1907, §§ 3865, 3875, authorizing hearing of applications to condemn land for road and appeals from orders thereon, nothing to contrary appearing in record, it will be presumed on appeal that evidence supported petition and authorized condemnation.

**4. Eminent domain ⟷145(1) — Compensation not reduced or diminished by incidental benefits accruing from use of land taken.**

Under Code 1907, § 3872, compensation to which owner is entitled cannot be reduced or diminished because of incidental benefits which accrue to him or to remaining lands because of uses to which land taken will be appropriated.

**5. Eminent domain ⟷202(1)—Evidence offered on question of value held properly excluded.**

Where value of land condemned was issue, evidence as to character of land as to solidity or being easily washed, *held* properly excluded as shedding no light on difference between market value of entire tract and what was left after taking strip.

**6. Eminent domain ⟷262(5)—Error in sustaining objection to question held cured by witness' further testimony.**

Error in sustaining objection to question as to what strip of land condemned would be worth for boat landing *held* cured by witness' testimony that land would be valuable for purpose of landing either ferry or boat of large capacity.

**7. Eminent domain ⟷202(1)—Exclusion of testimony as to facts affecting value held not error in view of other testimony of witness.**

In proceeding to condemn strip of land for public road on river bank down to low-water mark and not for ferry under Code 1907, § 3030, there was no error in refusing question as to effect landing of boat and pulling away had on land as to banks of river, where witness had fully stated his opinion as to value of property to be taken.

**8. Witnesses ⟷280 — Objection to question on cross-examination held properly sustained as argumentative.**

In condemnation proceeding objection to question on cross-examination as to whether witness if he owned land sought to be taken and some one wanted to buy it, he would think $100 an acre fair price, *held* properly sustained as argumentative and calling for speculative and conditional answer.

**9. Appeal and error ⟷1066 — Abstract instructions held without injury.**

In proceedings to condemn land for public road, on bank of river down to low-water mark, instructions that public ferries can only be established at point where public road is established (Code 1907, § 3029) and owner of land along river banks cannot use it as ferry in absence of established public road, though abstract as applicable to damages for land taken as road, *held* without injury.

Appeal from Circuit Court, Limestone County; Robert C. Brickell, Judge.

Petition for condemnation of lands for use as a public road by Limestone County against L. O. Stout and Wressie Boggs. From a judgment for petitioner, respondents appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Tennis Tidwell, of Albany, and S. A. Lynne, of Decatur, for appellants.

The local act under which the proceeding was had is offensive to section 105 of the Constitution. Dunn v. Dean, 196 Ala. 486, 71 South. 709; Ensley v. Simpson, 166 Ala. 366, 52 South. 61; Forman v. Hair, 150 Ala. 589, 43 South. 827; City Council v. Reese, 149 Ala. 188, 43 South. 116.

Callahan & Harris, of Decatur, for appellee.

There was no error in the charges given for petitioner. Pitts v. Boggs, 208 Ala. 194, 93 South. 906; Code 1907, § 3029; Harrell & Croft v. Ellsworth, 17 Ala. 583; 25 C. J. 1051. If the local act be void, the proceeding is provided for by general law. Acts 1915, p. 573.

MILLER, J. This is a petition filed by Limestone county, a municipal corporation, against L. O. Stout and Wressie Boggs, in the probate court of Limestone county, Ala., seeking to have condemned a strip of land 50 feet wide and about 90 feet long to be used as a public road. It avers that Wressie Boggs owns the land and L. O. Stout has a mortgage on it. The petitioner paid into court $100 as a tender. The probate court, on hearing made an order granting the ap-

plication, appointed three citizens with the qualifications required by the statute (section 3869, Code 1907), to assess the damages. The commissioners assessed the damages at $500, and the court ordered the land condemned for the use and purposes of a public road, and the rights to the land for that purpose be vested in the county of Limestone, and divested out of the respondents upon the payment of the damages so assessed within the time provided by law. The petitioner Limestone county appealed from the order of condemnation and assessment of damages to the circuit court, and demanded a trial by jury on the assessment of damages and compensation.

The respondents demurred to the petition, which demurrers were overruled by the circuit court. The petition was granted by the court, and a jury duly selected by the parties assessed the damages, and compensation due respondents at $25. This appeal is prosecuted by the respondents from a judgment thereon by the court.

The respondents demur to the petition because the commissioners' court in undertaking to establish the road in question proceeded under a local act (Local Acts 1915, p. 349), and this act is violative of and contravenes section 105 of the Constitution of Alabama, which states:

"No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law."

The constitutionality of this local act of Limestone county, in Local Acts 1915, p. 349, is not presented for review and consideration by this proceeding.

[1] The only question presented by the petition is the right of Limestone county to condemn this strip of land for the purpose of using it for a public road, and, if it is condemned, then to have assessed the amount of damages the owners of the land will sustain and the amount of compensation they are entitled to receive for it. The land, if condemned for road purposes, may never be used for the public road. The statute (section 3883, Code 1907) clearly contemplates if the damages and compensation assessed, after the condemnation of the land appear excessive to the applicant and are not paid by him within the time fixed by this statute, then the condemnation is not effective and the rights of the applicant thereunder shall determine. Sections 3860, 3861, 3865, 3871, 3883, Code 1907.

[2] Sections 13 and 14 of this Local Act 1915, p. 353, authorize the court of county commissioners to secure the right of way for roads by condemnation and give the court the right in the name of the county to condemn land for road purposes under the provisions of article I, c. 79, Code, which embraces section 3860 et seq., Code 1907.

The general statute (section 3312, Code 1907) confers on the court of county commissioners original and unlimited jurisdiction as to establishing new, or changing and discontinuing old, roads; and the general act of 1915, in Gen. Acts 1915, p. 573, § 1, confirms this authority, and states, "To this end they are given legislative, judicial, and executive powers, except as limited herein." Section 3860 of the Code of 1907 provides any county proposing to take lands or casements therein for any uses for which private property may be taken may, if there be no other mode of proceeding prescribed by law, apply to the court of probate of the county in which the land is situated for an order of condemnation thereof to such uses.

The petitioner, Limestone county, filed this petition under authority of that section (3860) in the probate court. It was authorized to do so by the local act (sections 13 and 14, Local Acts 1915, p. 353), and permitted to do so by the general law (section 5, Act 1915; General Acts 1915, p. 574). The petition complies with the requirements of section 3861, Code 1907. This statute (3861) prescribes the nature and form of the petition and what it must state. It is not contended this petition does not comply with this statute. True, it avers the court of county commissioners ordered the condemnation of this strip of land, describing it for the purpose of a public road, and the order was made after the court had determined to establish this road, and "after the county engineer had surveyed and mapped said road and given notice as prescribed by the order of the commissioners' court, by posting at the courthouse door, by publication in the Limestone Democrat, a weekly paper published in Limestone county, Alabama, and posting at each of the terminals of the said road, which notice gave the date when the commissioners' court would meet to hear objections to the classification of said road, or location of the same."

These averments are surplusage; they do not render the petition defective, insufficient, under sections 3860 and 3861, Code 1907. This survey may have been made, and the notices given and published under the local act, the general law, or rules prescribed by the court of county commissioners. The court did not err in overruling the demurrers of the respondents to the petition. Authorities supra.

[3] The respondents filed no objections, plea, or answer to the petition; the facts averred in it were not put in issue. The court upon consideration of the evidence granted the petition and ordered that the lands described in the petition be and are condemned for the use and purposes of a public road for Limestone county, etc. There is no bill of exceptions as to this part of the proceeding. The evidence offered to prove the averments of the petition is not before

us.. The court in its judgment states "upon a consideration of the evidence offered" the petition is granted, and the order of condemnation was made. Nothing appearing in the record to the contrary, we will presume the evidence offered sustained and supported the averments of the petition and authorized the court to enter this order of condemnation, allowed under the statute. Sections 3865 and 3875, Code 1907.

A jury was selected by the parties to ascertain the damages that will be sustained by the respondents and the compensation they are entitled to receive for the easement in the land for a public road.

Section 235 of the Constitution provides just compensation must be paid for the property taken, injured, or destroyed. Section 3871, Code 1907, provides that the commissioners shall assess the damages and compensation to which the owner of the land is entitled, and on appeal this applies when the jury assesses the damages and compensation. In Jones v. N. O. & S. R. R. Co., 70 Ala. 227, in defining just compensation, this court stated:

"This includes not only the value of the land which may be taken, but the injury resulting to the remaining lands of the proprietor."

In Commissioners' Court v. Street, 116 Ala. 34, 22 South. 632, this is quoted with approval from 6 Am. & Eng. Ency. of Law, p. 571:

"Where part of a tract is taken the owner is entitled to recover not simply the market value of what is taken, but the difference between the market value of the entire tract and the market value of what is left."

[4] Section 3872, Code 1907, provides the amount of compensation to which the owner is entitled must not be reduced or diminished because of any incidental benefits which may accrue to him or to the remaining lands of the owner in consequence of the uses to which the lands to be taken or in which the easement to be acquired will be appropriated, which is declaratory only.

[5] This strip of land, about 90 feet long and 50 feet wide, sought to be condemned, connects a public highway in Limestone county on the bank of the Tennessee river, down the bank to low-water mark of the river. It is a part of a tract of land containing about 28 acres, which is owned by Wressie Boggs, and L. O. Stout has a mortgage on it. John Whitt, witness for plaintiff, petitioner, testified that he owned land on the bank of the river about 100 yards below this strip. The value of the land in question was about $5. The court would not allow the respondents to ask him the following question on cross-examination: "What is the character of the land as to solidity or being easily washed?" The facts called for by this question would shed no light on the value of this strip of land or the difference between the market value of the entire tract and the market value of what is left after taking this strip. The court did not err in this ruling.

[6] The witness on cross-examination testified as to the value of the land, "We will say $50 an acre; unless it was used for a boat landing or something of that kind, it wouldn't be." The court would not permit defendants then to ask him this question: "What do you think it would be worth for a boat landing?" This error, if any, by the court, was cured by this witness testifying "the land could be used for a boat landing," and, "I think the land would be valuable for the purpose of landing either a ferry or a boat of large capacity." He further testified there was a ferry boat 50 or 75 feet north of this land which was being operated by the husband of Mrs. Wressie Boggs, the defendant.

[7] This is an application to condemn this land for a public road, and not to condemn and appropriate the land of the defendants for a public ferry. Section 3030, Code 1907.

Rex Finley, witness for the defendant, testified the value of this strip of land was $2,500; the whole tract of 28 acres is worth $5,000 or $6,000, and, if this strip was carved out of it, that remaining would be worth about half that sum. The defendant asked him this question which the court would not permit him to answer, "State to the jury what effect the landing of the boat and the pulling away has upon land as to the banks of the river?" This witness had stated fully his opinion as to the value of the property to be taken, and the defendants could not justly complain at this ruling of the court.

[8] A. S. Johnson, witness for plaintiff, testified this land was worth $100 per acre. The witness on cross-examination testified, "I considered the availability of it being at a convenient place for a boat landing." Defendants asked him this question, which the court would not permit him to answer: "Then if you owned this land and somebody wanted to buy it, you think that would be a fair price for it?" The court did not err in sustaining the objection to this question. It was arguing with the witness and called for a speculative and conditional answer.

[9] Written charges numbered 1 and 2, by us, separately requested by the petitioner, and separately given by the court, read as follows:

No. 1. "I charge you, gentlemen of the jury, that a public ferry can only be established by a court of county commissioners and at a point where a public road has been established."

No. 2. "I charge you gentlemen of the jury that the owner of land along the banks of a navigable river cannot use it as a public ferry in the absence of a public road established by the county."

This court in Graham v. Caperton, 176 Ala. 118, 57 South. 742, wrote:

"The right to keep a public ferry for toll is a franchise which cannot be exercised without legislative authority. Milton v. Haden, 32 Ala. 30, 70 Am. Dec. 523; Tuscaloosa County v. Foster, 132 Ala. 392, 31 South. 587. 'As a matter of right, and as incidental to the right of property, any one owning lands on both sides of a river could establish a public ferry; but, as it is a matter in which the public is deeply interested, the Legislature has by law taken this right from the citizen, and deposited the power with the court of roads and revenue.' Jones v. Johnson, 2 Ala. 746. It is therefore not appurtenant to the land of the riparian owner."

See, also, sections 3023, 3026, 3029, and 3040, Code 1907.

Section 3029 provides:

"Such license for a ferry shall be granted only at the crossing of a river at a point where a public road has been established." Pitts v. Boggs, 208 Ala. 194, 93 South. 906; Harrell v. Ellsworth, 17 Ala. 576.

These charges, 1 and 2, state correct propositions of law under the above authorities. They are, however, abstract as applicable to the amount of damages and compensation due respondents for this easement in a public road over this land, which was the question for the jury to answer. We must hold the court did not err in giving them, as we see no injury that was done thereby to the respondents, and the jury could not have been misled by them. Marbury Lbr. Co. v. Westbrook, 121 Ala. 179, headnote 3, 25 South. 914; Moore v. Nashville, C. & St. L. Rwy. Co., 137 Ala. 495, headnote 9, 34 South. 617; 12 Michie, Dig. p. 481, § 199.

The record is free from reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.