136 So.2d 188

**BLACKWELL NURSERIES, INC.**

v.

**MOBILE COUNTY.**

1 Div. 21.

Supreme Court of Alabama.

Dec. 21, 1961.

Wilkins, Stephenson & Byrd, Mobile, for appellant.

Jas. E. Moore, Mobile, for appellee.

MERRILL, Justice.

This is an appeal from an order denying an injunction after a hearing on the verified bill of complaint.

Mobile County determined that certain lands belonging to appellant should be condemned for the construction of a road. The lands were described as Parcel 2, Parcel 3 and Parcel 4.

After the institution of the condemnation proceedings, it was determined that the description of Parcel 2 should be amended and it was amended by resolution on May 15, 1961, which resolution is made an exhibit to the bill. Parcels 3 and 4 were not mentioned in the resolution of May 15th. The language used in the May 15th resolution, as quoted in the bill, tends to indicate that the only lands necessary to be condemned are those in the amended description of Parcel 2.

The hearing was had at the probate court, commissioners appointed and they assessed damages for Parcels 2, 3 and 4, and the order of condemnation for all three parcels was entered. Mobile County then paid the necessary money into court, made bond and began the construction of the road.

This action was brought to enjoin the county from constructing the road because appellant contends that the failure to mention Parcels 3 and 4 when the description to Parcel 2 was amended meant that the county governing body had found that Parcels 3 and 4 were not necessary and, therefore,

the minutes showed that only Parcel 2 was subject to condemnation. The trial court denied the application for injunction.

Appellant does not question the sufficiency of the petition for condemnation nor the regularity of the condemnation proceedings, but states that the "quarrel is with the basic premise that the condemnor *must propose to take the lands.*" It argues that the county commission did not choose to exercise its right of eminent domain or authorize the condemnation of Parcels 3 and 4, and having failed to exercise such rights, it cannot now be heard to say it acquired any right, title or interest in appellant's land.

Our cases do not sustain the appellant's contentions. In Dean v. County Board of Education, 210 Ala. 256, 97 So. 741, 743, the landowner argued that "there was nothing before the court to show that the appellee had ever determined that the property was necessary for school purposes." This court said:

"The necessity for the acquiring by condemnation of real property for school purposes is a matter for the determination of the board of education rather than by the trial of the fact on the hearing of the petition for condemnation. We are of opinion that the averments of fact contained in the petition for condemnation, and the prosecution thereof to a judgment by the board, as petitioner, was a sufficient expression of the judgment of that board and corporation that the lands sought for school purposes were necessary to be obtained by its condemnation without other statement in the minutes of the board to that end."

The record before us does not purport to show all the proceedings of the county commission relative to this project, nor does it show the petition for condemnation. But in brief, appellant states " * * * In obedience to the new resolution and finding of necessity, the County attorney amended the condemnation application by amending the description of Parcel #2 to conform to the land found necessary for the road. This amendment, however, failed to delete from the application Parcel #3 and #4." And the bill shows that the commission prosecuted the amended petition to condemnation, that Parcels 2, 3 and 4 were condemned, and that appellant has appealed to the circuit court.

In Stout v. Limestone County, 211 Ala. 227, 100 So. 352, 354, this court said:

" * * * The evidence offered to prove the averments of the petition is not before us. The court in its judgment states 'upon a consideration of the evidence offered' the petition is granted, and the order of condemnation was made. Nothing appearing in the record to the contrary, we will presume the evidence offered sustained and supported the averments of the petition and authorized the court to enter this order of condemnation, allowed under the statute. Sections 3865 and 3875, Code 1907." (Tit. 19, §§ 7, 17, Code 1940.)

The record in this case does not show any of the evidence taken before the probate court. We, too, must presume the evidence offered sustained and supported the averments of the petition and authorized the court to enter the order of condemnation for Parcels 2, 3 and 4.

We find no reversible error in the action of the circuit court in denying the application for injunction.

In view of what we have said, it is not necessary to decide whether injunction is the proper remedy.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.